J-A10030-17

2017 PA Super 398

| MARVIN WEINAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM LEX | |
| Appellant | No. 1467 EDA 2016 |

Appeal from the Judgment Entered July 5, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2015-08168

| MARVIN WEINAR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| WILLIAM LEX | |
| Appellee | No. 1615 EDA 2016 |

Appeal from the Judgment Entered July 5, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2015-CV-08168

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY SOLANO, J.:                    **FILED DECEMBER 15, 2017**

Before the Court are consolidated cross-appeals filed by William F. Lex and Dr. Marvin Weinar from the trial court's April 28, 2016 order (1) granting Weinar's petition to confirm an arbitration award, and (2) sustaining Lex's preliminary objections and dismissing Weinar's second amended complaint. The appeals arise out of Weinar's efforts to enforce an arbitration award that was rendered in his favor on February 14, 2013. After unsuccessfully seeking to enforce the award in New York state and federal courts and in a federal court in Pennsylvania, Weinar initiated this action in

the Chester County Court of Common Pleas, filing both a petition to enforce the arbitration award under Pennsylvania law and a complaint asserting numerous claims against Lex relating to Lex's failure to pay the arbitration award. The trial court granted Weinar's petition to enforce the arbitration award and dismissed his complaint. We affirm the granting of the petition, vacate the dismissal of the complaint, and remand for further proceedings.

Lex, while working as a securities broker for McGinn Smith & Co., sold Weinar approximately $400,000 in notes. In April of 2010, the Securities and Exchange Commission filed an action against McGinn Smith, its principals, and the issuers of all the notes sold to Weinar.[1] As a result of this and other legal actions, the notes became worthless. On December 14, 2000, Weinar filed a statement of claim against Lex pursuant to the Code of Arbitration Procedure of the Financial Institution Regulatory Authority (FINRA).[2] Weinar asserted that Lex acted negligently and breached various

---

[1] The principals of McGinn Smith were accused of diverting money from the notes to their personal uses. McGinn Smith eventually was placed in receivership.

[2] FINRA Code of Arbitration Procedure Rule 12200 provides:

Parties must arbitrate a dispute under the Code if:

• Arbitration under the Code is either:
  (1) Required by a written agreement, or
  (2) Requested by the customer;

• The dispute is between a customer and a member or associated person of a member; and

• The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

*(Footnote Continued Next Page)*

- 2 -

fiduciary and contractual duties by, among other things, recommending investments that were unsuitable to Weinar's objectives and not properly diversified. On February 14, 2013, after an arbitration proceeding in Pennsylvania, a panel of arbitrators issued an award in favor of Weinar that included $270,000 in compensatory damages, plus interest at a rate of 6%, compounded annually, and fees of $7,862.50.

That same day, Weinar filed a petition to enforce the arbitration award in a New York state court under Section 7510 of the New York Civil Practice Law and Rules.[3] Lex removed the action to the U.S. District Court for the Southern District of New York on the basis of diversity jurisdiction and then filed a motion to dismiss the case for lack of personal jurisdiction.

On April 3, 2013, while Lex's motion to dismiss was pending in the Southern District of New York, Lex filed a petition in the U.S. District Court for the Eastern District of Pennsylvania (the "EDPA Action"), in which he sought to vacate the arbitration award under the Federal Arbitration Act

*(Footnote Continued)* ───────────────

There are references to a customer agreement and multiple subscription agreements in the reproduced record. ***See, e.g.***, Weinar's Pet. to Confirm an Arbitration Award at ¶¶ 12, 17, ***Weinar v. Lex***, No. 650495/2013 (N.Y. Sup. Ct., Feb. 14, 2013). However, we note with disapproval that the written agreement(s) themselves are not included in the certified record or the reproduced record. The arbitrability of the parties' dispute under the FINRA Code is not an issue in this appeal; the arbitrators' award finds that Lex was "required to submit to arbitration pursuant to the Code" and "is bound by the determination of the Panel on all issues submitted." Award at 2.

[3] That statute provides, "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511." N.Y. C.P.L.R. § 7510.

(FAA). The EDPA Action was stayed until January 23, 2014, when the New York federal district court dismissed the New York action for lack of personal jurisdiction over Lex. On May 22, 2014, Weinar filed a cross-petition in the EDPA action to confirm the arbitration award. In the cross-petition, Weinar urged the court to apply Pennsylvania law, which "does not impose a time limit on motions to confirm an arbitration award." Weinar's Cross-Pet. to Confirm Arbitration Award at ¶ 12.

On March 31, 2015, the Honorable Norma L. Shapiro entered an order in the EDPA action granting in part and denying in part Lex's petition to vacate the arbitration award. *See Lex v. Weinar*, Civ. A. No. 13-mc-96, 2015 WL 1455810 (E.D. Pa. Mar. 31, 2015).[4] Judge Shapiro also denied as untimely Weinar's cross-petition to confirm the award. She explained that even though federal jurisdiction in the case was based on diversity of citizenship,[5] the case was "brought under the FAA," and she was required to apply the FAA's provisions, rather than state law, to an FAA case brought in federal court because the parties had not contractually opted out of the

---

[4] Judge Shapiro vacated the award of compound interest to Weinar and held that he should receive only simple interest. The court otherwise denied Lex's petition to vacate the award. *See Lex*, 2015 WL 1455810, at *6.

[5] Lex alleged that the court had jurisdiction both because of the parties' diverse citizenship, 28 U.S.C. § 1332, and because he presented a federal claim under the FAA. Judge Shapiro held that "the FAA does not constitute an independent basis for federal jurisdiction," but that the parties' diversity provided a jurisdictional basis to hear a claim based on the FAA. *Lex*, 2015 WL 1455810, at *2; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).

FAA's requirements. *Id.* at \*2.[6] She held that Weinar's May 22, 2014 cross-petition to confirm the February 14, 2013 arbitration award was untimely because "[t]he FAA one-year deadline for moving to confirm the arbitration award" applied. *Id.* at \*3, *citing* FAA § 9, 9 U.S.C. § 9 (stating that any party may apply for an order confirming an arbitration award "at any time within one year after the award is made").

Weinar filed a motion for reconsideration of Judge Shapiro's March 31, 2015 order, requesting that Judge Shapiro confirm the arbitration award as modified by the March 31, 2015 order or remand the matter to FINRA Dispute Resolution for issuance of an amended award with recalculated interest in accordance with the March 31, 2015 order. On May 20, 2015, Judge Shapiro denied the motion for reconsideration, reiterating that Weinar's petition to confirm was untimely under the FAA and stating that the March 31, 2015 order left no confusion as to the calculation of interest. Weinar did not appeal from Judge Shapiro's March 31, 2015 or May 20, 2015 orders.

---

[6] Judge Shapiro based this conclusion on **Prima Paint Corp. v. Flood & Conklin Mfg. Co.**, 388 U.S. 395, 405 (1967), in which the Supreme Court held that the FAA establishes binding federal rules and procedures with which federal courts are obligated to comply. In a portion of her opinion titled "Choice of Law," Judge Shapiro summarized: "The FAA establishes a uniform federal law over contracts falling within its scope. Although a federal court sitting in diversity would normally be bound by state law under **Erie Railroad Co. v. Tomkins**, 304 U.S. 64, 78 (1938), federal courts must apply the provisions of the FAA in a diversity case where no federal question is otherwise involved." 2015 WL 1455810, at \*2 (some citations omitted).

On September 9, 2015, Weinar instituted the current action by filing a complaint against Lex in the Court of Common Pleas of Chester County, based on Lex's failure to pay the arbitration award. In his second amended complaint, Weinar asserted the following claims: (1) breach of contract, by failing to "abide by and perform" the arbitration award; (2) conversion, by retaining money out of which Weinar's demand for payment of the arbitration award could be satisfied; (3) unjust enrichment; (4) confirmation of the arbitration award; and (5) a request for a declaratory judgment regarding the amount of the arbitration award and any judgment to be entered upon it. In addition to declaratory relief, Weinar sought damages of $270,000, plus interest, fees, and "such further relief as [the trial court] deems just and proper." Second Am. Compl. at 5, 6, 8.

Lex filed preliminary objections to Weinar's second amended complaint, arguing that, because of the EDPA ruling, the requested relief was barred in its entirety by the doctrine of *res judicata*. In addition, Lex contended that Weinar failed to state a claim for breach of contract; Weinar's conversion claim was barred by the gist of the action doctrine and failed to state a claim upon which relief could be granted; Weinar's unjust enrichment claim was barred by *res judicata* and/or collateral estoppel; Weinar's claim for confirmation of the award should be dismissed because an application for confirmation of an arbitration award must be made by petition; and Weinar could not obtain a declaratory judgment on an uncontroverted and finally litigated issue. Weinar responded by filing preliminary objections to Lex's preliminary objections, arguing that (1)

- 6 -

Pennsylvania law does not permit preliminary objections based on *res judicata* or collateral estoppel; (2) Pennsylvania law does not permit preliminary objections based on matters outside the complaint; (3) Weinar's complaint was not barred by *res judicata*; (4) Lex's objections to Weinar's breach of contract and conversion claims were impermissible "speaking demurrers"; and (5) Lex's objection to Weinar's claim for confirmation of the award was moot in light of Weinar's filing of a petition to confirm the award.[7]

Meanwhile, on December 15, 2015, Weinar filed a petition to confirm the arbitration award under Section 7342(b) of the Judicial Code, which provides that "the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order" if a party applies for such relief "more than 30 days after an award is made." **See** 42 Pa. C.S. § 7342(b). Lex opposed that petition, arguing that it was barred by *res judicata* and that the FAA's one-year statute of limitations for confirming an arbitration award preempted Section 7342(b), which contains no statute of limitations.

The trial court held a hearing on April 15, 2016,[8] and both parties submitted post-hearing letters to the court. On April 28, 2016, the trial court issued an opinion and order (1) granting Weinar's petition to confirm the arbitration award, and (2) sustaining Lex's preliminary objections and

---

[7] Weinar listed eight separate arguments. We have consolidated them here for simplicity.

[8] There are no notes of testimony from the April 15, 2016 hearing in the certified or reproduced record.

dismissing Weinar's second amended complaint. The trial court did not rule on Weinar's preliminary objections to Lex's preliminary objections.

The trial court held that "the FAA does not preempt the Pennsylvania Arbitration Statutes regarding the time limit within which a party must petition to confirm an arbitration award." Trial Ct. Op., 4/28/16, at 7. The court reasoned that the lack of a one-year time limit for confirming an arbitration award under 42 Pa. C.S. § 7342(b) was a mere procedural matter that did not interfere with the federal policy of ensuring enforceability of arbitration agreements. *Id.* at 10-12. The trial court further explained that it sustained Lex's preliminary objections because Weinar's second amended complaint "merely seeks to re-litigate the arbitration." *Id.* at 13.

On May 12, 2016 Lex filed a notice of appeal from the trial court's confirmation of the arbitration award. On May 26, 2016, Weinar filed a notice of cross-appeal from the order sustaining Lex's preliminary objections to Weinar's second amended complaint.

In a June 22, 2016 opinion issued in response to Lex's appeal from the confirmation ruling, the trial court explained that it rejected Lex's *res judicata* argument because there was no identity of the two causes of action (the EDPA action and the present action) and it rejected Lex's collateral estoppel argument because the EDPA court "never evaluated whether the petition to confirm would have been granted under Pennsylvania law." Trial Ct. Op., 6/22/16, at 13-14. In an opinion issued on July 13, 2016, in response to Weinar's appeal from the dismissal of his complaint, the court reasoned that Weinar's breach of contract claim was barred by *res judicata*,

his unjust enrichment claim was barred by collateral estoppel, and his conversion claim was barred by the "gist of the action" doctrine. Trial Ct. Op., 7/13/16, at 7-9.

The trial court entered judgment on July 5, 2016. Under Pa.R.A.P. 905(a)(5), the previously filed notices of appeal are treated as if filed following the entry of judgment. The cross-appeals therefore are now properly before this Court.

**No. 1467 EDA 2016**
**(LEX'S APPEAL FROM THE CONFIRMATION OF THE ARBITRATION AWARD)**

In his appeal, Lex raises the following issues:

1. In light of the 2011 U.S. Supreme Court case ***AT&T Mobility LLC v. Concepcion***, 563 U.S. 333 (2011)[,] which holds that states cannot enforce laws or "procedures inconsistent with the FAA," did the [t]rial [c]ourt err by applying Pennsylvania's unlimited statute of limitations to enforce an arbitration award when this statute of limitations is inconsistent with the one-year time period prescribed by the FAA?

2. Did the [t]rial court err in its finding that the unlimited statute of limitations provided by 42 Pa.C.S. § 7342(b) does not conflict with the policies and goals of the FAA, even though the FAA has an identified goal of facilitating expeditious resolution of disputes?

3. In determining whether Pennsylvania's statute of limitations to confirm an arbitration was preempted by the FAA, was it an error for the [t]rial [c]ourt to reject preemption based upon a purported distinction as to whether the issue was "procedural" as opposed to "substantive["]?

4. Was it error for the [t]rial [c]ourt to rely upon pre-***Concepcion*** decisions to reach its conclusion that the FAA did not preempt 42 Pa.C.S. § 7342(b)?

5. Does the doctrine of *res judicata* bar a court from considering the timeliness of the filing of a petition where that same issue has already been finally adjudicated by a court of competent jurisdiction?

- 9 -

Lex's Brief at 2.

Lex's issues challenge the trial court's confirmation of the arbitration award in favor of Weinar. Arbitration is a non-judicial means of resolving disputes. Although parties may voluntarily agree to comply with an arbitration award, enforcement of the award cannot be compelled unless the prevailing party has the award "confirmed" in a judicial proceeding that then gives the arbitrators' ruling the effect of a court judgment. **See** Thomas H. Oehmke, COMMERCIAL ARBITRATION § 133:1 (3d ed. 2017).

Both federal and Pennsylvania law provide means by which an arbitration award may be confirmed. The relevant federal statute is the FAA, which applies to "a written agreement to arbitrate 'in any maritime transaction or a contract evidencing a transaction involving commerce.'" **Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.**, 460 U.S. 1, 24 (1983) (quoting FAA, 9 U.S.C. § 2). Neither Lex nor Weinar disputes that their agreement to arbitrate under the FINRA Code is subject to the FAA. **See Moscatiello v. Hilliard**, 939 A.2d 325, 326 (Pa. 2007) (noting that FAA governs arbitration under rules of the National Association of Securities Dealers (FINRA's predecessor)). The FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." **Moses H. Cone**, 460 U.S. at 24. One of its provisions, Section 9, authorizes "any party to the arbitration" to apply to a state or federal court for an order confirming an arbitration award. 9 U.S.C. § 9. Section 13 provides:

The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

9 U.S.C. § 13.

Although, as discussed below, the FAA robustly preempts any state law that interferes with the enforceability of an agreement to arbitrate, it creates "no federal policy favoring arbitration under a certain set of procedural rules," *Volt Info. Sci. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989), and leaves the parties free to seek enforcement of their arbitration award under state law, rather than the FAA. *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 590 (2008). Pennsylvania makes available two statutory schemes for arbitration of cases not filed in court. One, the Uniform Arbitration Act, 42 Pa. C.S. §§ 7301-7320, governs arbitrations under agreements that "expressly provide[]" that they are subject to that Act "or any other similar statute." 42 Pa. C.S. § 7302(a). All other arbitration agreements are "conclusively presumed" to be governed by what the Judicial Code calls "common law arbitration" under 42 Pa. C.S. §§ 7341-7342. *See Moscatiello*, 939 A.2d at 327. No party to this case contends that the arbitration agreement at issue here falls under the Uniform Act; accordingly, the Judicial Code's "common law" provisions apply to this case. Among the "common law" provisions is Section 7342(b), which states that if a party makes an appropriate application, "the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order." 42 Pa. C.S. § 7342(b).

- 11 -

After unsuccessfully seeking confirmation of the award in federal court under the FAA, Weinar successfully applied for confirmation in the Chester County Court of Common Pleas under Section 7342(b). Lex now contends that the trial court erred in confirming the award because the federal order declining confirmation precluded confirmation by the court in Chester County and, alternatively, because confirmation is barred by the FAA's one-year statute of limitations, which preempts the longer period for filing a confirmation application under Pennsylvania law.

"A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law." *Sage v. Greenspan*, 765 A.2d 1139, 1142 (Pa. Super. 2000), *appeal denied*, 784 A.2d 119 (Pa. 2001). As we discuss below, each of Lex's contentions presents a question of law as to which our standard of review is de novo.

**Res Judicata**
(Lex's issue 5)

Because a court should avoid constitutional issues if possible, *see Commonwealth v. Karetny*, 880 A.2d 505, 519 (Pa. 2005), and because Lex's preemption issues ultimately are grounded in the U.S. Constitution's Supremacy Clause, Art. VI cl. 2, we begin our analysis with Lex's fifth issue, in which Lex contends that confirmation of the arbitration award under Pennsylvania law is barred by *res judicata* (claim preclusion) as a result of Judge Shapiro's decision in the EDPA action.[9] The trial court held that *res*

_____

[9] Although Lex also raised collateral estoppel (issue preclusion) in the trial court, in his appeal he argues only that *res judicata* applies.

- 12 -

*judicata* did not apply because there was no identity of the two causes of action (the cause of action in the EDPA case and the cause of action in the instant case). Trial Ct. Op., 6/22/16, at 13.

> We have explained the *res judicata* doctrine as follows:
>
> The doctrine of *res judicata* prevents a party from instituting litigation that has been the subject of a lawsuit. We explained the concept in **Stoeckinger v. Presidential Financial Corp. of Delaware Valley**, 948 A.2d 828, 832 n.2 (Pa. Super. 2008) (footnote omitted):
>
>> "Res judicata" means "a thing adjudged" or a matter settled by judgment. Traditionally, American courts have used the term *res judicata* to indicate claim preclusion, i.e., the rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and constitutes for them an absolute bar to a subsequent action involving the same claim, demand or cause of action.
>
> **Robinson Coal Co. v. Goodall**, 72 A.3d 685, 689 (Pa. Super. 2013).[10]

Preclusion is a question of law, and our review is *de novo*. **See Rickard v.**

---

[10] In **Robinson**, we continued by outlining the requirements for application of *res judicata* under Pennsylvania law:

> Application of the doctrine of res judicata as an absolute bar to a subsequent action requires that the two actions possess the following common elements: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties. Additionally, res judicata will bar subsequent claims that could have been litigated in the prior action, but which actually were not[.]

72 A.3d at 689 (quotation marks and citations omitted). We have observed that, "[t]he dominant inquiry" under these elements "is whether the controlling issues have been decided in a prior action, in which the parties had a full opportunity to assert their rights." **In re N.A.**, 116 A.3d 1144, 1148 (Pa. Super.), **appeal denied**, 117 A.3d 298 (Pa. 2015).

- 13 -

*Am. Nat'l Prop. & Cas. Co.*, ___ A.3d ___, 2017 WL 4803951, at * 3 (Pa. Super., Oct. 25, 2017) (*en banc*).

In the EDPA action, Judge Shapiro declined to confirm the FINRA arbitration award because Weinar did not seek confirmation until May 22, 2014, more than one year after the February 14, 2013 date of the award. Noting that Section 9 of the FAA requires that a request for confirmation be made "within one year after the award is made," 9 U.S.C. § 9, she held that Weinar's request for confirmation was time-barred. Although Weinar asked Judge Shapiro to confirm the award pursuant to Pennsylvania law, which does not require a confirmation request to be made within one year, Judge Shapiro held that she was required to apply the FAA's one-year deadline in a case brought under the FAA. Lex contends that Judge Shapiro's statute of limitations decision bars Weinar's state-law confirmation request in the Chester County court, but we disagree.

The preclusive effect of a federal judgment is a question of federal law. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001); *In re Stevenson*, 40 A.3d 1212, 1223 (Pa. 2012). However, federal law permits a state court to accord a judgment in a federal diversity case the same preclusive effect as it would have if it were a judgment of a state court in that state, unless the state preclusion rule would be incompatible with federal interests. *Semtek*, 531 U.S. at 507-09. We have been made aware of no incompatibility here.

Under both federal and Pennsylvania law, a central hallmark of the preclusion doctrine is that a prior judgment may bar relitigation only of a

claim that has been decided "on the merits." ***Parklane Hosiery Co. v. Shore***, 439 U.S. 322, 326 n.5 (1979) ("[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit . . ."); ***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa. Super. 2016) ("[u]nder the doctrine of res judicata, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action . . .") (quotation marks omitted). For *res judicata* purposes, a judgment on the merits "is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." ***Semtek***, 531 U.S. at 501-02 (interpolation in original; quoted citation omitted).[11] This has been the law of Pennsylvania for more than a century. ***See Weigley v. Coffman***, 22 A. 919, 921 (Pa. 1891). Accordingly, we have emphasized that *res judicata* "cannot be applied" to any judgment that does not render a final substantive decision on a claim. ***See Consolidation Coal Co. v. District 5, United Mine Workers***, 485 A.2d 1118, 1122 (Pa. Super. 1984) (because preliminary injunction is a temporary remedy, it is not a final judgment on the merits and cannot serve as a basis for *res judicata*).

The "substance" of Weinar's confirmation claim in the EDPA action was that he had obtained a favorable arbitration award that the court should confirm so that he could then enforce it. Judge Shapiro did not rule on the

---

[11] The Court in ***Semtek*** contrasted this meaning of a judgment "on the merits" with the broader meaning of the term in procedural rules such as Rule 41(b) of the Federal Rules of Civil Procedure (dealing with involuntary dismissals). 531 U.S. at 501-06. The procedural meaning of a judgment "on the merits" is not relevant here.

- 15 -

merits of that claim because she held that it was time-barred under the FAA. A holding that a claim is time-barred is not a holding on the substantive merits of the claim. As the U.S. Supreme Court explained in **Semtek**: "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." 531 U.S. at 504. Although the parties have not cited to any Pennsylvania state appellate decision addressing the *res judicata* effects of a dismissal based on the statute of limitations, we note that Pennsylvania jurisprudence is in accord with the view discussed in **Semtek** that a statute of limitations dismissal only forecloses a remedy and does not substantively dispose of a claim. **See, e.g.**, **Abrams v. Pneumo Abex Corp.**, 981 A.2d 198, 211 (Pa. 2009) ("a statute of limitations merely bars a party's right to a remedy").[12] The Court of Appeals for the Third Circuit, predicting Pennsylvania law, has held that a judgment "based on a legal defense unrelated to the merits" — in that case, governmental immunity — was not a judgment on the merits of the claim and therefore did not bar subsequent relitigation in a forum where the defense did not apply. **Wade v. City of Pittsburgh**, 765 F.2d 405, 410 (3d

---

[12] **Accord**, **Goldstein v. Stadler**, 208 A.2d 850, 852 n.1 (Pa. 1965) ("in personal actions the statute of limitations constitutes only a procedural bar to the remedy and not to the cause of action itself"); **Priester v. Milleman**, 55 A.2d 540, 542 (Pa. Super. 1947) ("[t]he general principle is that statutes of limitations relating to personal actions merely bar the remedy and do not discharge the right").

Cir. 1985). We conclude that a dismissal based on the statute of limitations would be treated similarly in Pennsylvania and, because it is not a dismissal on the merits, would not give rise to a *res judicata* bar.

In what bears a greater resemblance to a collateral estoppel argument than to *res judicata*, Lex argues that Judge Shapiro's unappealed application of the FAA's statute of limitations to foreclose Weinar's confirmation claim in federal court at least should mean that the statute of limitations also bars Weinar's confirmation claim in the Chester County trial court — in other words, that the EDPA ruling is preclusive on the **issue** of whether the confirmation claim is time-barred. We disagree. Judge Shapiro ruled only on whether Weinar's confirmation claim under the FAA was barred by the **FAA's** statute of limitations. Weinar's Chester County petition did not seek confirmation of the arbitration award under the FAA; rather, he sought confirmation under Pennsylvania law, which (so long as it is not preempted by the FAA) has a longer limitations period than that in the FAA. A judgment that the FAA's limitation period precludes recovery under the FAA is not a judgment that a similar claim under Pennsylvania law is time-barred under the applicable Pennsylvania limitations period. That was the point of the Supreme Court's statement in **Semtek** that a statute-of-limitations dismissal "does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." 531 U.S. at 504.

Lex responds that Weinar's confirmation claim based on Pennsylvania law is barred because Weinar asked Judge Shapiro to apply the Pennsylvania limitations period in the EDPA action, Judge Shapiro applied the FAA's one-

year period instead, and Weinar did not appeal that decision. Again, we disagree. Judge Shapiro did not apply the Pennsylvania limitations period to Weinar's claim in the EDPA action because she held that she was not permitted to do so. Judge Shapiro construed federal law to mean that because the case before her was brought in federal court under the FAA, she was required to apply the FAA's limitations period and could not instead apply a different limitations period under state law. *Lex*, 2015 WL 1455810, at *2. She therefore did not decide "the merits" of the Pennsylvania statute of limitations issue, and her non-ruling on that issue does not present any basis for precluding Weinar from seeking to apply the Pennsylvania statute to his claim in Chester County.

In this respect, this case is similar to **McArdle v. Tronetti**, 627 A.2d 1219 (Pa. Super. 1993), **appeal denied**, 641 A.2d 587 (Pa. 1994). McArdle sued Tronetti in federal court for federal civil rights violations and various torts under Pennsylvania law in connection with Tronetti's performance of psychiatric services while McArdle was in prison. The federal court dismissed the civil rights claims on immunity grounds and declined to exercise jurisdiction over the tort claims. McArdle then sued again in state court, asserting only the tort claims. Tronetti argued that the second case was barred on *res judicata* grounds, but we disagreed. Relying on the Second Restatement of Judgments, we observed:

> A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only

> one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground.  If, however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.

> *Restatement (Second) of Judgments* § 25, Comment e. Although the comment specifically refers to theories not raised in an initial action, we fail to discern any logical difference between that factual scenario and a situation where the theory of relief actually is raised and the court, despite possessing jurisdiction, declines to exercise it as a matter of discretion.

627 A.2d at 1223.  Here, unlike in **McArdle**, Judge Shapiro did not decline to exercise jurisdiction over Weinar's claim and statute-of-limitations defense based on Pennsylvania law; rather, she held that because the case was brought before her under the FAA, she could not apply Pennsylvania law and instead had to apply the FAA.  The results in the two cases were similar, however: in both cases, the federal court decided the federal claim presented under federal law and then did not decide the state-law claim.  In this situation, the teaching of the Second Restatement of Judgments applies — that is, "a second action in a competent court presenting the omitted theory or ground should not be held precluded."

For these reasons, we agree with the trial court that *res judicata* did not bar Weinar's state law petition to confirm the arbitration award.

### Preemption
(Lex's Issues 1-4)

Lex argues that the trial court erred in confirming the arbitration award under Pennsylvania law because the FAA's one-year statute of

limitations for confirming arbitration awards, 9 U.S.C. § 9, preempts the Pennsylvania confirmation provision, 42 Pa. C.S. § 7342(b), which does not set forth a limitations period.

> Section 9 of the FAA states:
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then **at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award**, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. . . .

9 U.S.C. § 9 (emphasis added).[13]  Section 7342(b) states:

> **On application of a party made more than 30 days after an award is made by an arbitrator** under section 7341 (relating to common law arbitration), **the court shall enter an order confirming the award** and shall enter a judgment or decree in conformity with the order. . . .

42 Pa. C.S. § 7342(b) (emphasis added).   In contrast to Section 9's statement that the application may be made "within one year after the

_____

[13] Because Section 9 uses the words "may apply," some courts have interpreted it not to impose a mandatory time limit for FAA confirmation proceedings.  **See** William M. Howard, J.D., Ph.D., Annotation, *Statute of Limitations Under Federal Arbitration Act on Filing of Motion to Confirm Award*, 3 A.L.R. Fed. 2d 419 (2005) (discussing cases).  The U.S. Supreme Court has not decided this issue.  Judge Shapiro held that the one-year limit is mandatory in FAA actions, and we have no occasion to revisit that question here.  We therefore assume for purposes of this appeal, without deciding, that Section 9 provides a mandatory one-year statute of limitations if an action is brought under the FAA.  The only question here is whether that one-year provision preempts a longer limitations period (or the lack of such a period) when an action for confirmation is brought outside of the FAA.

award," Section 7342(b) says only that the application must be made "more than 30 days after an award"; it states no time after which the application may not be filed.

Lex interprets Section 7342(b)'s silence regarding a limitations period to mean that no statute of limitations applies to actions to confirm arbitration awards.[14]  He argues that "the unlimited time period to confirm an arbitration award provided by 42 Pa.C.S. § 7342 is in direct conflict with the one-year statute of limitations provided by 9 U.S.C. § 9 of the FAA," and that "an unlimited time-period to confirm an arbitration award is directly at odds with the FAA's defined goal of promoting the expedient resolution of disputes."  Lex's Brief at 11.  Lex contends that this conflict required the trial

_____

[14] Weinar took a similar position in the trial court, but now contends that in the absence of a contrary provision, the catch-all six-year statute of limitations set forth at 42 Pa. C.S. § 5527(b) applies to confirmation applications.  *See* Weinar's Brief at 9-10 n.3.  Section 5527(b) provides:

> Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years.

Section 5531 does not exclude arbitration confirmations from the six-year period.  *See* 42 Pa. C.S. § 5531 (only types of civil actions not subject to a limitations period are a client's action against an attorney to enforce an implied or resulting trust as to real property and an action by the Commonwealth or specified other government bodies to recover against property for the cost of maintenance and support of persons who were public charges).  We need not decide whether arbitration confirmations are subject to a six-year limitations period because Weinar's confirmation petition would have been timely under either a six-year statute of limitations or, of course, a scheme having no limitations period, and because application of a six-year period would make no change to our preemption analysis.

court to hold that application of Pennsylvania law to Weinar's confirmation claim is preempted by federal law. *See id.* at 9-11, 13-15.

The trial court concluded that the FAA did not preempt 42 Pa. C.S. § 7342(b) because (1) Section 7342(b) is a procedural rule that has no effect on the enforcement of the arbitration agreement between the parties; and (2) "there is no conflict between the Commonwealth's laws regarding the confirmation of arbitration awards and the goals and objectives of the FAA." Trial Ct. Op., 6/22/16, at 9-12.

Whether a state law is preempted by the FAA is a question of law. Therefore, our standard of review is *de novo* and our scope of review is plenary. *See Moscatiello*, 939 A.2d at 327.

The Supreme Court of Pennsylvania has provided the following summary of the law of preemption:

> Simply stated, federal law is paramount. More specifically, Article VI, cl. 2, of the United States Constitution, the Supremacy Clause, provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Thus, according to the United States Supreme Court, laws that are in conflict with federal law are without effect. Questions concerning the span of this constitutional matter of preemption, however, are not always easily answered.
>
> In determining the breadth of a federal statute's preemptive effect on state law, we are guided by the tenet that the purpose of Congress is the ultimate touchstone in every pre-emption case. Congress may demonstrate its intention in various ways. It may do so through express language in the statute (express preemption). Yet, even if a federal law contains an express preemption clause, the inquiry continues as to the substance and the scope of Congress' displacement of the state law.
>
> In the absence of express preemptive language, Congress' intent to preempt all state law in a particular area may be inferred.

- 22 -

This is the case where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation. That is to say, Congress intended federal law to occupy the entire legislative field (field preemption), blocking state efforts to regulate within that field.

Finally, even where Congress has not completely displaced state regulation in a specific area, state law is nullified if there is a conflict between state and federal law (conflict preemption). Such a conflict may arise in two contexts. First, there may be conflict preemption where compliance with state and federal law is an impossibility. Furthermore, conflict preemption may also be found when state law stands as an obstacle to the accomplishment[] and execution of the full purposes and objectives of Congress.

Additionally, concepts of federalism and state sovereignty make clear that in discerning whether Congress intended to preempt state law, there is a presumption against preemption. Specifically, the United States Supreme Court has stated that it will not be presumed that a federal statute was intended to supersede the exercise of the power of the state unless there is a clear manifestation of intention to do so. Stated another way, a cornerstone of the United States Supreme Court's preemption jurisprudence is that, [i]n all pre-emption cases, and particularly in those in which Congress has legislated . . . in a field which the States have traditionally occupied, . . . we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.

***Dooner v. DiDonato***, 971 A.2d 1187, 1193-94 (Pa. 2009) (some quotation marks and citations omitted).

The U.S. Supreme Court has held that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." ***Volt***, 489 U.S. at 477. Lex's argument is based on conflict preemption. Because Lex does not contend that it is impossible to comply with both state and federal law, the issue before this Court is whether Section 7342(b) "stands as an obstacle to the

- 23 -

accomplishment[] and execution of the full purposes and objectives of Congress." ***Dooner***, 971 A.2d at 1194.

"In determining the breadth of a federal statute's preemptive effect on state law, we are guided by the tenet that 'the purpose of Congress is the ultimate touchstone in every pre-emption case.'" ***Dooner***, 971 A.2d at 1193 (quoting ***Wyeth v. Levine***, 555 U.S. 555, 565 (2009)). The United States Supreme Court has explained that "[t]he principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." ***Concepcion***, 563 U.S. at 344 (internal quotation marks and brackets omitted). Another purpose is "to promote the expeditious resolution of claims." ***Id.*** The Supreme Court has cautioned, however, that —

> We are . . . not persuaded by the argument that [where there is a] conflict between these two goals of the Arbitration Act – enforcement of private agreements and encouragement of efficient and speedy dispute resolution – [that conflict] must be resolved in favor of the latter in order to realize the intent of the drafters.

***Dean Witter Reynolds, Inc. v. Byrd***, 470 U.S. 213, 221 (1985).

Most recently, the Supreme Court of Pennsylvania reviewed the FAA's preemptive effect in ***Taylor v. Extendicare Health Facilities, Inc.***, 147 A.3d 490 (Pa. 2016), ***cert. denied***, 137 S.Ct. 1375 (2017). At issue was whether Rule 213(e) of the Pennsylvania Rules of Civil Procedure, which requires the consolidation of survival and wrongful death actions for trial, is preempted by the FAA when the survival action is subject to an arbitration agreement. In answering that question affirmatively, the Court pointed out

that Rule 213(a) promotes judicial efficiency by precluding duplicative determinations of survival and wrongful death liability. 147 A.3d at 500, 510. After surveying recent U.S. Supreme Court interpretations of the FAA, the Court determined that "the 'overarching purpose' of the FAA [is] twofold: to ensure 'the enforcement of arbitration agreements according to their terms,' and 'to facilitate streamlined proceedings,'" *id.* at 505 (quoting *Concepcion*, 563 U.S. at 344), and that "when these two purposes conflict, . . . enforcement trumps efficiency." 147 A.3d at 506. The fact that Rule 213(e) is merely "a procedural mechanism to control case flow, and does not substantively target arbitration" would not make it immune from preemption. *Id.* at 510.[15] Thus, because Rule 213(e) prevented enforcement of the agreement to arbitrate the survival action, it was preempted. *Id.*

Neither the United States nor the Pennsylvania Supreme Court has addressed whether the one-year statute of limitations in 9 U.S.C. § 9 preempts state laws for confirmation of arbitration awards that have longer statutes of limitations or no statute of limitations. Lex cites no decision holding that the one-year provision preempts a longer state limitations period, and our own research has uncovered no such decision. At least one state supreme court has rejected Lex's argument. In ***Thompson v. Lithia***

---

[15] To the extent that the trial court based its rejection of Lex's preemption argument on a distinction between procedural and substantive rules, we agree with Lex that the distinction has less force in light of the decisions in *Concepcion* and *Taylor.*

***ND Acquisition Corp. #1***, 896 N.W.2d 230 (N.D. 2017), a North Dakota court entered judgment on an arbitration award rendered under the North Dakota arbitration statute. In contesting the judgment, the arbitration respondent argued, among other things, that the order confirming the arbitration award was entered more than one year after the award was made and that the FAA's one-year statute preempted North Dakota's law on confirmation, which contained no limitations period. The Supreme Court of North Dakota disagreed, explaining:

> Sections 9 through 11 of the FAA provide for expedited judicial review to confirm, vacate, or modify arbitration awards. ***Hall St. Assoc., L.L.C. v. Mattel, Inc.***, 552 U.S. 576, 578 . . . (2008). The FAA provides a shortcut to confirm, vacate, or modify an award, but it is not the exclusive means to enforce an award. ***Id.*** at 582-83 . . . . The Supreme Court said, "The FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example, where judicial review of different scope is arguable." ***Id.*** at 590 . . . .
>
> [The North Dakota statute] requires the court to confirm the award if it denies the motion to vacate and a motion to modify or correct the award is not pending. A motion to modify or correct the award was not pending. The district court was required to confirm the award after it denied Thompson's motion to vacate. Section 9 of the FAA did not preclude confirmation of the award under state statutory law. The court did not err in confirming the award.

***Thompson***, 896 N.W.2d at 240.

The Supreme Court of Pennsylvania provided significant guidance on how to resolve the issue before us when it addressed a question related to this one in ***Moscatiello***: whether Section 12 of the FAA, which requires that a motion to vacate, modify, or correct an arbitration award be served on the adverse party within three months of the filing or delivery of an arbitration

award, preempts the portion of 42 Pa. C.S. § 7342(b) that requires that such motions be filed within 30 days after the award is made.[16] The Court held that there was no preemption. **Moscatiello**, 939 A.2d at 329.

In **Moscatiello**, the arbitration was conducted pursuant to rules of the National Association of Securities Dealers, a predecessor to FINRA, and was subject to the FAA. The Moscatiellos argued that they had "contracted to arbitrate their claims under the FAA" and therefore "should be permitted to rely on the entire FAA in asserting their post-arbitration rights," including its three-month time limit for challenging an award. 939 A.2d at 327-28. They contended that Pennsylvania's 30-day limit "provides less protection" than the FAA's three months and therefore should be preempted. **Id.** at 328. In rejecting that argument, the Supreme Court stated: "Because Pennsylvania's arbitration acts provide for the enforcement of arbitration of contract and other disputes, they foster the federal policy favoring arbitration enforcement. The 30-day time limit found in both Pennsylvania arbitration acts does not undermine this policy or the FAA's goal." **Id.** at 329. The Court continued:

> The federal policy favoring arbitration, set forth in the FAA, is limited to Congress's intent to make arbitration agreements enforceable. The FAA does not preempt the procedural rules governing arbitration in state courts, as that is beyond its reach. Thus, we hold there is no preemption.

---

[16] Section 7342(b) does not explicitly state that the deadline for seeking to vacate or modify an award is 30 days, but its provision permitting confirmation to occur after 30 days has been interpreted to mean that there is a 30-day time limit for challenging the award. **See Beriker v. Permagrain Prods., Inc.**, 500 A.2d 178, 179 (Pa. Super. 1985).

*Id. Moscatiello* points toward the correct resolution of this case.

As the U.S. Supreme Court stated in *Hall Street*, "[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law, for example." 552 U.S. at 590. The Court recognized that state laws provide different procedures and rights than does the FAA — expanded judicial review of the arbitration award, for example. *See id.* Nevertheless, the FAA does not preempt their use. Nothing in the FAA requires federal and state arbitration rules and procedures to be identical. Thus, as one federal court has summarized: "Since § 9 was meant to supplement and not preclude other remedies, confirmation under § 9 is not mandatory and as such a party is not prevented from using either state law or common law procedures to confirm the award." *In re Consolidated Rail Corp.*, 867 F. Supp. 25, 32 (D.D.C. 1994); *see also Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159 (2d Cir. 2003) (noting that "an action at law offers an alternative remedy [to § 9] to enforce an arbitral award"); *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 155 (4th Cir. 1993) (same); *Kentucky River Mills v. Jackson*, 206 F.2d 111, 120 (6th Cir.) (holding Section 9 of the FAA does not preclude a prevailing party from seeking enforcement of an arbitration award in an action at law), *cert. denied*, 346 U.S. 887 (1953); *FIA Card Servs., N.A. v. Gachiengu*, 571 F. Supp. 2d 799, 805 (S.D. Tex. 2008) ("the FAA does not preempt state common-law actions to confirm arbitration awards").

As the Pennsylvania Supreme Court held in **Moscatiello**, Section 7342(b), along with Pennsylvania's other arbitration laws, "provide for the enforcement of arbitration of contract and other disputes" and thereby "foster the federal policy favoring arbitration enforcement." 939 A.2d at 329. The Pennsylvania statute therefore does not conflict with the FAA's "overarching purpose" of "ensur[ing] 'the enforcement of arbitration agreements according to their terms.'" **See Taylor**, 147 A.3d at 505 (quoted citation omitted).[17]

Lex insists that the longer limitation period conflicts with the FAA's other purpose of "promot[ing] the expeditious resolution of claims," **see Concepcion**, 563 U.S. at 345, but this argument distorts the FAA's focus on efficiency. The Court in **Concepcion** "defined the 'fundamental attributes of arbitration' as 'lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.'" **Taylor**, 147 A.3d at 505 (quoting **Concepcion**, 563 U.S. at 348). Efficiency thus is

---

[17] Lex's argument that **Concepcion**, **Taylor**, and other recent decisions have rendered older decisions such as **Moscatiello** less authoritative on the preemption issue is incorrect. Those decisions are both persuasive and binding here. We agree with the trial court that the other federal cases upon which Lex relies are distinguishable from this one. Most of them deal with enforcement of arbitration agreements, not post-arbitration enforcement of an award. **See** Trial Ct. Op., 6/22/16, at 5-8 (distinguishing **Preston v. Ferrer**, 552 U.S. 346 (2008); **Quilloin v. Tenet HealthSystem Philadelphia, Inc.**, 673 F.3d 221 (3d Cir. 2012); and **Litman v. Cellco P'ship**, 655 F.3d 225 (3d Cir. 2011), **cert. denied**, 565 U.S. 1115 (2012)). **Renard v. Ameriprise Fin. Servs., Inc.**, 778 F.3d 563, 566 (7th Cir. 2015), is inapposite because the parties' agreement in that case stated that the arbitration clause was "governed by and enforceable under the terms of the Federal Arbitration Act," and Lex does not contend that his agreement with Weinar contained similar language. **See** Trial Ct. Op., 6/22/16, at 9.

viewed as one of the salutary characteristics of arbitration that the FAA is designed to foster. But that does not mean that any state procedural mechanism that makes an arbitration longer than it would be under the comparable FAA procedure is preempted and invalid. Nothing in the FAA says that an arbitration must be conducted or an arbitration award must be confirmed in the fastest way possible.

The preemption question under the FAA is whether a state law impairs the efficiency that an arbitration system provides. The Pennsylvania statute does not do that. Section 7342(b) enables a successful party to an arbitration to obtain confirmation of an award 30 days after the award is made and at any time thereafter. It provides that confirmation may be obtained only upon "application of a party," and states that "the court **shall** enter an order confirming the award" upon receiving such an application — thus providing a procedure that is streamlined, swift, and efficient. Applying "state rules governing the conduct of arbitration — rules which are manifestly designed to encourage resort to the arbitral process — simply does not offend the rule of liberal construction [in favor of arbitration], nor does it offend any other policy embodied in the FAA." *Volt*, 489 U.S. at 476.

In fact, by affording successful arbitration parties additional time to confirm an award, the Pennsylvania statute both fosters arbitration and enhances the efficiency of the arbitration process by reducing or ameliorating an obstacle to an award's successful enforcement. If confirmation were barred by a short statute of limitations, an injured party might be forced to resort to other means of redress for his injury, probably

by duplicating his successful arbitration with litigation to recover on the same claim. A federal court of appeals made this point in **_Derwin v. Gen. Dynamics Corp._**, 719 F.2d 484 (1st Cir. 1983), when it rejected an effort to have the one-year FAA limitations period apply in place of an unlimited Massachusetts limitations period in an action to confirm an arbitration award under the federal Labor Management Relations Act. The court explained that if the shorter FAA statute applied and "[i]f the prevailing party failed to obtain a confirmatory decree within the limitations period, . . . [that party would be forced] to undergo the expense and delay of suing to confirm the award, even where the other party had agreed in good faith that the award was final and binding." 719 F.2d at 489-90. A shorter statute thus may promote, rather than reduce, inefficiencies. In fact, that is precisely what has happened in this case: because of his difficulties confirming the arbitration award, Weinar has filed a complaint in Chester County to recover damages that overlap with those he was awarded by the arbitrators. That result is highly inefficient.

Seen in this context, much of Lex's argument about inefficiencies is disingenuous. Rule 12904(j) of the FINRA Code of Arbitration Procedure provides that "[a]ll monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction." After Judge Shapiro considered Lex's motion to vacate and modified the award in the EDPA action, Lex could have paid the modified award pursuant to Rule 12904(j). Instead, Lex has refused to pay the award, even though it was determined through an arbitration procedure to

which he agreed and after he fully availed himself of proceedings in the EDPA action to contest it.  It is that refusal by Lex that has impaired the efficiency of the arbitration process in this case — not the fact that Pennsylvania's statute of limitations is longer than that in the FAA.[18]

For all of these reasons, we agree with the trial court that the one-year time limit for confirming arbitration awards set forth in Section 9 of the FAA does not preempt 42 Pa. C.S. § 7342(b).  The trial court's confirmation of the award therefore was proper.

## No. 1615 EDA 2016
### (WEINAR'S APPEAL FROM THE DISMISSAL OF HIS STATE LAW CLAIMS)

In his cross-appeal, Weinar raises the following issues:

1. Did the trial court abuse its discretion and commit an error of law in dismissing with prejudice Dr. Weinar's breach of contract and alternative quasi-contract and tort claims . . . on the basis [that] they had already been decided in an underlying arbitration and did not constitute a separate cause of action?

2. Did the trial court abuse its discretion and commit an error of law in dismissing with prejudice Dr. Weinar's contract and alternative quasi-contract and tort claims upon preliminary objections of Mr. Lex while Dr. Weinar's preliminary objections to Mr. Lex's preliminary objections were still pending?

Weinar's Brief in Opp. to Lex's Appeal and in Support of Cross Appeal at 33.[19]

_____

[18] We note that Weinar sought confirmation of the arbitration award on the same day the award was made, by reasonably filing an application to confirm in a court in New York, the state where McGinn Smith did business and the state whose law governed under the arbitration contract's choice-of-law clause.  This is not a case where Weinar slept on his rights.

[19] In his appeal, Weinar does not challenge the dismissal of his Counts IV (Confirmation of Award) and V (Declaratory Judgment).

- 32 -

We consider Weinar's appeal under the following standard:

Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 630 (Pa. Super. 2016) (citation omitted). Applying this standard, we conclude that the trial court abused its discretion in granting Lex's preliminary objections to Weinar's second amended complaint, and we vacate that portion of the trial court's order.

When Lex filed preliminary objections seeking to dismiss Weinar's second amended complaint, Weinar responded with preliminary objections to Lex's filing. But the trial court ignored Weinar's preliminary objections and instead dismissed Weinar's case on the basis of the preliminary objections filed by Lex. We agree with the trial court's later recognition that this was error. *See* Trial Ct. Op., 7/13/16, at 10. The Pennsylvania Rules of Civil Procedure provide, "The court ***shall*** determine promptly all preliminary objections," Pa.R.Civ.P. 1028(c)(2) (emphasis added), and we have held that "[t]he presence of preliminary objections which have not been disposed of is a fatal defect . . . ." ***Advance Bldg. Servs. Co. v. F & M Schaefer***

***Brewing Co.***, 384 A.2d 931, 932 (Pa. Super. 1977) (affirming the striking of a default judgment where a fatal defect of unresolved preliminary objections was apparent on the face of the record). Pennsylvania's procedural rules required the court to address Weinar's preliminary objections before ruling on the preliminary objections filed by Lex.

The trial court concluded that its procedural error was harmless because ultimately, on the merits, Lex was entitled to have his preliminary objections sustained and to have Weinar's complaint dismissed. Trial Ct. Op., 7/13/16, at 10. We disagree. Preliminary objections should be sustained only when "it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." ***Khawaja***, 151 A.3d at 630. An examination of the trial court's grounds for dismissal shows that there is no such clarity here.

First, the trial court held that Weinar's claims could not proceed because they were barred by *res judicata* and collateral estoppel as a result of the arbitration. Trial Ct. Op., 7/13/16, at 7-8. But *res judicata* and collateral estoppel are affirmative defenses that must be raised in New Matter, not in preliminary objections, Pa.R.Civ.P. 1030(a), unless the complaint "sets forth in detail, either directly or by reference, the facts and issues pleaded by the prior suit." ***Kiely v. J. A. Cunningham Equip., Inc.***, 128 A.2d 759, 760 (Pa. 1957). While Weinar's second amended complaint described the underlying arbitration, it did not do so in a manner that made it "clear and free from doubt" that the arbitration award barred Weinar's claims. Rather, it suggested that the claims are not barred.

Weinar's breach of contract claim alleges that Lex was contractually obligated "to abide by and perform any [arbitration] award(s)" and "has refused to perform any portion of the Arbitration Award" made in this case. Second Amended Compl. ¶¶ 23-24. His conversion claim asserts that after the award was made, Lex wrongfully retained the money that should have been used to satisfy the award and thereby "deprived Weinar of a right of property" in that money." *Id.* ¶ 29. His unjust enrichment claim avers that by failing to pay the award, Lex is wrongfully retaining benefits of "the now worthless Notes" that his company sold to Weinar and is being unjustly enriched as a result. *Id.* ¶¶ 33-34. All of those allegations relate to Lex's refusal to pay the arbitration award **after** the arbitration was completed. Because the claims are based on events that occurred after the arbitration, it is difficult to see how the claims could be precluded by the award, which, of course, was based on misconduct that occurred before the award was made.

The trial court also sustained Lex's preliminary objection to Weinar's conversion claim on the basis of the "gist of the action" doctrine, reasoning that the conversion claim arose "solely out of Lex's failure to pay the arbitration award, an obligation which was created by contract." Trial Ct. Op., 7/13/16, at 9. The gist-of-the-action doctrine bars a tort action "when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014) (footnotes omitted). But we have cautioned against prematurely dismissing a tort action on the basis of this doctrine, because our rules

- 35 -

permit the pleading of tort and contract claims in the alternative. *See Telwell, Inc. v. Grandbridge Real Estate Capital, LLC*, 143 A.3d 421, 429 (Pa. Super. 2016) (citing Pa.R.Civ.P. 1020(c)). Although Weinar has alleged that Lex breached a contractual obligation to pay the arbitration award, Lex has pointed out that Weinar has not identified the specific contract or its terms. *See* Lex's Prelim. Objs. at ¶ 42. At this stage of the proceedings, it is not clear and free from doubt whether the gist of Weinar's action sounds in contract or tort. *See Telwell*, 143 A.3d at 429. The court's dismissal on gist-of-the-action grounds therefore was premature.

The trial court also opined that Weinar's entire second amended complaint was "merely another effort to confirm the arbitration award, superficially disguised as common law claims." Trial Ct. Op., 7/13/16, at 10. The court therefore concluded that the complaint should be dismissed as an effort to obtain a duplicative recovery. *See Foflygen v. R. Zemel, M.D. (PC)*, 615 A.2d 1345, 1350 (Pa. Super. 1992) (precluding duplicative recovery on alternate theories), *appeal denied*, 629 A.2d 1380 (Pa. 1993). But if, as Weinar contends, his cause of action is for events that occurred after the arbitration, the misconduct (and, therefore, the potential recovery) would not necessarily be duplicative of that in the arbitration. *See id.* (while "alternative theories of recovery are different means for obtaining the same relief for the same harm caused by the same party, . . . separate causes of action request different relief for different harm"). There appears to be considerable overlap between the damages Weinar was awarded in the arbitration and those he seeks to recover under his second amended

complaint. *See* Second Am. Compl. at 5, 6, 8 (seeking compensatory damages of $270,000, interest, and fees of $7,862.50). But it is premature to hold, as a matter of law, that Weinar cannot recover any additional damages based on Lex's post-arbitration conduct. That question will require further factual development, particularly in light of the fact that, under this decision, Weinar now can have the arbitration award enforced and thereby remove the arbitration damages from what he seeks to recover under his complaint.

For all of these reasons, it was not "clear and free from doubt" that Lex was entitled to dismissal of Weinar's second amended complaint, and we therefore vacate the trial court's order sustaining Lex's objections and dismissing the complaint. If it ultimately becomes clear that Weinar's claims are no more than alternative assertions of the claims he won in the arbitration, or that, even if the claims are somewhat different, there are no more damages that Weinar may recover, the defenses based on claim preclusion or the rule against duplicative recovery under *Foflygen* may apply. But the trial court acted prematurely in making those determinations on the basis of Lex's preliminary objections to Weinar's pleading.

On remand, the trial court should consider Weinar's preliminary objections to Lex's objections. If those objections are overruled, it should afford Weinar an opportunity either to answer Lex's objections or to amend his complaint pursuant to Civil Rule 1028(c)(1).

In summary, we affirm the portion of the trial court's order confirming the arbitration award under Pennsylvania law, we vacate the portion of the

trial court's order sustaining Lex's preliminary objections to Weinar's second amended complaint, and we remand this case for further proceedings, including consideration of Weinar's preliminary objections.  Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/17