OPINION*
SHWARTZ, Circuit Judge.
In 2013, a Pennsylvania court held that the statute authorizing the Philadelphia Parking Authority (“PPA”) to charge taxicab operators an annual fee violated, among other things, due process. Two Philadelphia taxicab companies, Z & R Cab, LLC and Zoro, Inc, (collectively, the “Cab Companies”), thereafter filed suit in the District Court under 42 U.S.C. § 1983 seeking a full refund of the fees they had paid. The District Court dismissed their case for lack of jurisdiction. We conclude that the District Court had jurisdiction. *529 Thus, we will vacate the dismissal order and remand.
I
In 2004, Pennsylvania’s General Assembly amended the Parking Authority Law (“PAL”), transferring regulatory responsibility for certain taxicab and limousine operators in Philadelphia to the PPA. The PAL funded the PPA’s regulatory activities with fees operators paid, 53 Pa. Cons. Stat. Ann. § 5708(b),[1] and provided that the PPA would annually submit a proposed fee schedule to - the General Assembly, which would become effective if the legislature did not disapprove it, id. § 5707(b). The PAL also subjected operators to fines, vehicle impoundment, and revocation of their operating licenses for unpaid fees.
In 2012, several taxicab operators refused to pay the fees, were cited by the PPA, and challenged the constitutionality of the PAL in state court. In an opinion summarily affirmed by the Pennsylvania Supreme Court, the Commonwealth Court declared the law “unconstitutional and unenforceable” because, among other things, it did not permit taxicab operators to challenge the fees and imposed penalties for non-payment, and thus “confer[red] autocratic power upon the [PPA] to condemn property without due process” in violation of the Pennsylvania and United States Constitutions. MCT Transp., Inc. v. Phila. Parking Auth., 60 A.3d 899, 919-920 (Pa.Commw.Ct.2013) (“MCT”).[2]
Soon after the Commonwealth Court’s decision, the Cab Companies filed this putative class-action complaint on behalf of those entities that “paid to ... the [PPA] fees assessed by the authority of [the PAL]” from 2004 through February 14, 2013, App. 41, seeking a refund of “all sums paid to ... [the PPA] under authority of [the PAL],” plus interest, App. 43.[3] The PPA moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), arguing that the Cab Companies are not entitled to refunds because MCT does not apply retroactively under Pennsylvania law. The District Court disagreed and concluded that MCT applies retroactively, but held that “the question of appropriate remedy” is “entrusted to the Pennsylvania state courts,” App. 19, and dismissed the complaint for lack of subject matter jurisdiction.[4]
The Cab Companies moved for reconsideration of the dismissal order.[5] The District Court denied the motion, reiterating that any remedy to be afforded the Cab Companies “lies exclusively in the hands of the state courts.” App. 35. As a result, the'District Court reasoned that there was “no case or controversy” for it to adjudicate, so it lacked subject matter jurisdic *530 tion to either entertain or abstain from-deciding this case. App. 31. The Cab Companies appeal, arguing that the District Court has jurisdiction over their complaint. For its part, the PPA asserts that principles of comity require the federal court to refrain from deciding this case.
II[6]
A
We first address the District Court’s conclusion that it lacked subject matter jurisdiction over the Cab Companies’ refund claim.[7] The Cab Companies seek compensation for a federal due process violation under § 1983. Because this claim arises under the United States Constitution and federal law, 28 U.S.C. § 1331 grants the District Court subject matter jurisdiction. Notwithstanding this statutory authority, the District Court concluded, citing McKesson Corp. v. Division of Alcoholic Beverages & Tobacco, Department of Business Regulation of Florida, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), and Harper v. Virginia Department of Taxation, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), that it lacked subject-matter jurisdiction because the Pennsylvania courts enjoy “exclusive[ ]” authority to determine the appropriate remedy due the Cab Companies, and thus the Cab Companies’ refund claim presents no federal “case” or “controversy.” See App. 34-36.
While in McKesson and Harper the Supreme Court left to state courts the task of fashioning an appropriate remedy for plaintiffs subjected to unconstitutional state tax laws, neither case barred a federal court from doing so. Indeed, in both cases, which involved direct appeals from state courts, the Supreme Court declined to order a specific remedy and remanded the issue to the state courts out of respect for the state’s “role in shaping the contours of ... relief’ in this context. McKesson, 496 U.S. at 50, 110 S.Ct. 2238; see also Harper, 509 U.S. at 101-02, 113 S.Ct. 2510 (leaving to Virginia courts “the crafting of any appropriate remedy”). The Court did not categorically bar federal courts from providing such relief, and in fact acknowledged that it granted such relief in other cases. See id. at 33-36,110 S.Ct. 2238 (noting that in Ward v. Love County Board of Commissioners, 253 U.S. 17, 24, 40 S.Ct. 419, 64 L.Ed. 751 (1920), the Court ordered a remedy for an unconstitutional state tax law). Accordingly, the District Court erred in concluding that it lacked subject matter jurisdiction.
B
McKesson and Harper, as well as more recent cases such as Levin v. Commerce Energy, Inc., 560 U.S. 413, 130 S.Ct. 2323, 176 L.Ed.2d 1131 (2010), and Direct Marketing Association v. Brohl, — U.S. -, -, 135 S.Ct. 1124, 1134, 191 L.Ed.2d 97 (2015), do teach, however, that under principles of comity, deference should be given to state courts to remedy *531 constitutional violations arising from state revenue-raising laws if adequate state remedies exist.
While the Levin Court indicated that “[c]omity’s constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity,” id. at 422, 130 S.Ct. 2323, in discussing its preference for permitting states to fashion an appropriate remedy for challenges to state fiscal laws, it also referenced “economic legislation,” “tax classifications or other legislative prescriptions,” and “a [sjtate’s allocation of benefits or burdens,” id. at 426-27, 130 S.Ct. 2323, suggesting that this type of comity applies outside of tax cases. This is consistent with the Supreme Court’s expressed “respect for state functions,” id. at 421, 130 S.Ct. 2323, and “reluctance ... to interfere with the [state’s] fiscal operations.” Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 298, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943).
In light of this language, and the fact that the state court has already ruled on the constitutionality of the PAL, which governed a commercial activity in a single city, Levin suggests that a federal court may wish to carefully weigh whether to intervene. Levin, 560 U.S. at 425-32 & n. 11, 130 S.Ct. 2323 (internal quotation marks and citations omitted); see also Direct Marketing, 135 S.Ct. at 1132 (comity may cause a court to refrain from deciding a case that involves the fiscal operations of state government). Because the District Court concluded it lacked jurisdiction and thus did not address whether it should refrain from adjudicating this case under this doctrine, we will remand to allow it to decide, among other things, whether comity should be invoked in this case seeking a monetary remedy for the imposition of unconstitutional state fees.[8]
Ill
For. the foregoing reasons, because the District Court had subject matter jurisdiction over the Cab Companies’ refund claim, we will vacate the dismissal order and remand for the District Court to consider, among other things, whether it should refrain from adjudicating this case under principles of comity.

'This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. References to the PAL are to the version in effect from 2004 to 2013.

. The General Assembly amended- the PAL after the Commonwealth Court’s decision. See 53 Pa. Cons.Stat. Ann. §§ 5707 et seq. in Omnibus Amendments Act of July 9, 2013, P.L. 455, No. 64. The law now requires that the PPA give taxicab and limousine operators notice of the fees to be assessed, a fifteen-day period in which to contest them, and a hearing. See id.

. The Cab Companies also sought equitable relief, which was dismissed.

. Less than one week after the District Court's dismissal, the Cab Companies filed ah identical complaint in Pennsylvania state court under § 1983, seeking a full refund. This proceeding is ongoing.

. Neither party challenges MCT's holding that the PAL violated federal due process or the District Court's holding that MCT applies retroactively, and thus these issues are not before us.

. We have jurisdiction under 28 U.S.C. § 1291. When reviewing a district court’s "order dismissing a claim for lack of subject matter jurisdiction, we exercise plenary review over legal conclusions and review findings of fact for dear error.” White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). Likewise, when "a district court predicates its denial of reconsideration on an issue of law, our review is plenary, and when it bases its denial on an issue of fact, we review for clear error.” Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir.2013). Otherwise, we review the denial of a motion for reconsideration for abuse of discretion. Id.

. The Cab Companies fully briefed their position concerning jurisdiction and abstention before the District Court in connection with the motion for reconsideration and thus were not prejudiced by the District Court’s initial sua sponte jurisdictional ruling.

. The Levin Court identified several factors a federal court might weigh in deciding whether to refrain, based upon comity, from deciding such a case, namely whether: (1) the challenged law concerned "commercial matters over which” the state "enjoys wide regulatory latitude”; (2) the suit requires adjudicating "any fundamental right or classification” to which heightened scrutiny applies; (3) the state courts are "better positioned than their federal counterparts to correct any violation" and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect. Levin, 560 U.S. at 431-32, 130 S.Ct. 2323. We leave consideration of these factors, the unique facts of this case, and the applicable case law to the discretion of the District Court. See Remington Rand Corp.-Del. v. Bus. Sys. Inc., 830 F.2d 1260, 1266 (3d Cir.1987).