# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Z&R Cab, LLC, Zoro, Inc.,     :
Ronald Blount and Debra Bell,     :
               Appellants     :
                              :   No. 828 C.D. 2017
        v.                     :       938 C.D. 2017
                              :   Argued: March 8, 2018
Philadelphia Parking Authority     :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION**
**BY JUDGE SIMPSON**               **FILED: April 13, 2018**

Z&R Cab, LLC, Zoro, Inc., Ronald Blount, and Debra Bell (collectively, Licensees) appeal from orders entered May 31, 2017 and July 3, 2017 in the Court of Common Pleas of Philadelphia County (trial court). Initially, Licensees appealed from the May 31, 2017 decision as a final order (No. 828 C.D. 2017). Thereafter, Licensees became uncertain of the finality of that order. As a precaution, therefore, Licensees sought and obtained the July 3, 2017 order certifying the matter for immediate interlocutory appeal. They then filed a second appeal (No. 938 C.D. 2017). The two appeals have been consolidated for disposition.

Licensees brought a class action under 42 U.S.C. §1983 (§1983),[1] seeking refunds of all fees and assessments paid to the Philadelphia Parking

---

[1] **§1983. Civil action for deprivation of rights**

    Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or

Authority (Authority) beginning in 2004, under a state law this Court later declared unconstitutional. On the Authority's motion for summary judgment, the trial court denied Licensees' refund claims. However, the trial court directed the Authority to provide a specified review process for putative class members to follow in challenging fees and assessments made under the unconstitutional statute.

Upon review, we quash the interlocutory appeal at No. 938 C.D. 2017. We reverse and remand in the appeal at No. 828 C.D. 2017.

## I. Background

Prior to 2004, the Pennsylvania Public Utility Commission was responsible to regulate taxicab and limousine operations in Pennsylvania. See MCT Transp. v. Phila. Parking Auth., 60 A.3d 899 (Pa. Cmwlth.) (en banc), aff'd per curiam, 81 A.3d 813 (Pa. 2013). In 2004, however, the General Assembly transferred some regulatory responsibility to the Authority in Chapter 57 of the Parking Authority Law, 53 Pa. C.S. §§5701-5745. Id.

The Authority derived its operating revenue from fees and assessments charged to regulated taxicab and limousine companies. MCT. Under Section 5707(b) of the Parking Authority Law, 53 Pa. C.S. §5707(b) (Former §5707(b)), the Authority set its own budget and fee schedule by March 15 of each year. Id. The budget and fee schedule became effective automatically unless either the House of

___

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

2

Representatives or the Senate adopted a disapproving resolution by April 15 of each year.  Id.  Licensees had no legal mechanism to challenge the Authority's fee schedule.  Id.

In 2012, several taxicab companies sued the Authority in this Court, challenging the constitutionality of Former §5707(b).  Id.  This Court declared Former §5707(b) unconstitutional on two bases.  First, by failing to establish statutory standards directing the Authority in setting its budget and fee schedule, the General Assembly impermissibly delegated its legislative authority to the Authority.  Doing so violated the constitutional mandate of separation of powers among the branches of government.  Id.  Second, because licensees could not challenge the Authority's fees and assessments, Former §5707(b) violated constitutional due process requirements.  Id.

The General Assembly subsequently amended the Parking Authority Law in an attempt to cure its constitutional infirmities.  The amendments provided legislative oversight and an administrative process for challenges to the Authority's fees and assessments.  See 53 Pa. C.S. §5707 (Amended §5707).  In a recent decision, Germantown Cab Company v. Philadelphia Parking Authority (Germantown Cab), 171 A.3d 315 (Pa. Cmwlth. 2017), this Court determined that Amended §5707 was also an unconstitutional delegation of legislative power because it still failed to provide sufficient standards, guidance, and limits for the Authority's exercise of the delegated power.

3

In Germantown Cab, this Court did not expressly invalidate the new remedy provision, 53 Pa. C.S. §5707.1 (§5707.1), as a denial of due process. However, given this Court's invalidation of Amended §5707, the remedy provision in §5707.1 is ineffective unless the legislature further amends the statute to correct the constitutional infirmities of Amended §5707.

In 2013, following this Court's decision in MCT, Licensees filed a civil rights class action in the U.S. District Court for the Eastern District of Pennsylvania, under §1983.[2] Z&R Cab, LLC v. Phila. Parking Auth., 22 F. Supp. 3d 498 (E.D. Pa. 2014) (Z&R I). Licensees asserted claims on behalf of themselves and a putative class consisting of taxicab owners and drivers, taxicab medallion owners, and other members of the taxicab industry. In Z&R I, the federal district court held that this Court's decision in MCT must be applied retroactively to provide a meaningful remedy to aggrieved parties. However, the federal district court declined to exercise jurisdiction over the determination of the appropriate remedy, deferring instead to Pennsylvania state courts.[3] See id.; see also Z&R Cab, LLC v. Phila. Parking Auth.,

---

[2] Presumably, Licensees brought their action under §1983 because there was no statutory retroactive remedy available to them under Pennsylvania law. See Dunn v. Bd. of Prop. Assessment, Appeals & Review, 877 A.2d 504 (Pa. Cmwlth. 2005) (a taxpayer may not seek a refund under §1983 where there is an adequate state law remedy). As discussed above, Former §5707(b) did not provide any mechanism to challenge the Authority's fees and assessments, either before or after the Authority imposed them each year. The addition of §5707.1 created a prospective administrative challenge process, but did not offer retroactive relief to those aggrieved under Former §5707(b).

[3] In Z&R I, the federal district court found it lacked subject matter jurisdiction over the remedy determination. On appeal, the Third Circuit Court of Appeals found the district court had subject matter jurisdiction, but remanded for a determination of whether principles of comity dictated abstention. Z&R Cab, LLC v. Phila. Parking Auth., 616 F. App'x. 527 (3d Cir. 2015) (Z&R II). On remand, the district court abstained in reliance on comity principles. Z&R Cab,

No. 13-6173 (E.D. Pa. July 22, 2015), 2015 U.S. Dist. LEXIS 189537 (Z&R III).

Accordingly, Licensees brought this state court action to pursue remedies under §1983.[4]

In their complaint in this litigation, Licensees requested that the trial court grant the following relief:

> a.    To order that this action may proceed as a class action in which [Licensees] act as the class representatives and [Licensees'] counsel act as class counsel.
>
> b.    To assess, in advance, against the … Authority all costs of class notice.
>
> c.    To enter a declaratory judgment that all sums paid to (or to the use of) the … Authority under authority of the provisions of [Former] §5707(b), from and including 2004 until the present, were paid in violation of the Constitution of the United States and in violation of 42 U.S.C. §1983, and are due and owing to [Licensees] and to each class member.
>
> d.    To enjoin the … Authority from assessing or collecting payments from [Licensees] and the class members under authority of the provisions of [Former] §5707(b).
>
> e.    To award [Licensees] and each class member all sums paid to (or to the use of) the … Authority under authority of the

---

LLC v. Phila. Parking Auth., No. 13-6173 (E.D. Pa. July 22, 2015), 2015 U.S. Dist. LEXIS 189537 (Z&R III).

[4] Licensees commenced this action in the Court of Common Pleas of Philadelphia County. The common pleas court transferred the action to this Court in the belief that the action lay within this Court's original jurisdiction. Reproduced Record (R.R.) 33a-42a. This Court determined that jurisdiction properly lay in the common pleas court, and accordingly quashed the transfer. R.R. 44a-50a.

provisions of [Former] §5707(b), from and including 2004 until the present, together with both pre- and post-judgment interest.

f.  To award [Licensees] costs of this action and reasonable attorneys' fees.

Reproduced Record (R.R.) 119a-20a.

In 2016, Licensees moved to certify the class. Original Record (O.R.), Item #24. The Authority opposed the motion for certification. O.R., Item #27. While the motion to certify the class was pending, the Authority filed a motion for summary judgment. O.R., Item #26. The trial court granted the Authority's summary judgment motion and entered judgment in the Authority's favor on Licensees' refund claims. R.R. 53a-54a.

The trial court never held a certification hearing, and never ruled on the certification motion. Licensees were therefore the only plaintiffs throughout the pendency of this action in the trial court. Nonetheless, in its ruling on the Authority's summary judgment motion, the trial court directed the Authority to provide administrative relief to additional persons and entities, as follows:

It is further **ORDERED** and **DECREED** that the [Authority] shall provide the putative class members with the following administrative protest procedure:

1.  On or before August 1, 2017, the [Authority] shall issue Notices of Assessment ('Notices') to the members of the taxicab industry to whom it charged assessments and fees from July 16, 2004 to July 9, 2013.

2.  The Notices shall contain an itemization of the assessments and fees charged and paid, as well as information regarding the … §5707.1(b) petition process.

6

3.	The Notices shall give the recipient sixty (60) days in which to file a single petition challenging all or any of the 2004-2013 fees on the grounds set forth in … §5707.1(b).

4.	Within thirty (30) days thereafter, the [Authority] shall provide a … §5707.1(b) hearing to <u>any such petitioner</u>.

5.	Within thirty (30) days thereafter, the [Authority] shall issue its Order, including a decision and detailed findings.

6.	Within thirty (30) days after the [Authority] issues its Order, the petitioner may appeal it to the Court of Common Pleas of Philadelphia County as provided in 53 Pa. C.S. §5705(d).

R.R. 53a-54a (boldface type in original; underlining added). Although it expanded the timetable applicable under §5707.1(b), the trial court essentially directed the Authority to afford the putative class members, retroactively, the review process created by the enactment of §5707.1(b).

Licensees appealed to this Court. The Authority did not cross-appeal.

## II. Issues

On appeal,[5] Licensees characterize their issues as follows:

1.	Having dismissed all existing claims, did the trial court err by proceeding to create … a new administrative procedure

---

[5] This Court's review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. <u>Berwick Twp. v. O'Brien</u>, 148 A.3d 872 (Pa. Cmwlth. 2016). This Court examines the record in the light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts. <u>Id.</u>

7

that purports to bind an entire class, in violation of the political question doctrine?

2. Is the trial court's administrative procedure constitutionally infirm because it is based upon an unconstitutional statute that continues to lack standards to guide the [Authority's] fee assessments?

3. Did the trial court err by failing to address lack of fee-setting standards, the most significant due process violation?

4. By relying on … a vacated district court opinion did the trial court err in holding that [Licensees] and putative class members were not entitled to recover money damages under 42 U.S.C. §1983, which awards monetary relief for constitutional violations?

5. Was the trial court's May 31, 2017 order, which dismissed all claims of the parties but which nevertheless continued to bind the [Authority], a final order under [Pa.] R.A.P. 341?

Br. for Appellants at 5.

## III. Discussion

### A. Finality of the Trial Court's May 31, 2017 Order

As a threshold matter, addressing Licensees' last issue first, this Court must determine the source of its appellate jurisdiction in this matter.

Licensees initially appealed the trial court's May 31, 2017 decision as a final order under Pa. R.A.P. 341. However, Licensees became concerned that the trial court's order might be interlocutory because it included a directive requiring the Authority to provide administrative review that would necessarily occur after the date of the trial court's judgment. In Licensees' view, the trial court's decision continued to bind the Authority after entry of judgment, so it could be construed as

8

not disposing of all parties. Therefore, Licensees requested that the trial court certify its summary judgment decision for immediate interlocutory appeal. The trial court complied, and Licensees filed a second appeal. This Court must determine which of the two appeals is properly before it.

This Court directed the parties to discuss in their principal briefs whether the summary judgment order was final or interlocutory. However, neither party cited any applicable authority or offered any analysis of the issue. Licensees merely suggested "it seems safer to assume" the trial court's May 31, 2017 order was interlocutory, because the Authority's request for a stay of its duty to comply with the order suggested the order may not have disposed of all parties. Br. for Appellants at 35. In opposition, the Authority offered a bare assertion that the order was final because it "disposed of all claims between the parties," in that the trial court entered judgment on Licensees' refund claims. Br. for Appellee at 60.

This Court is aware of no instance in which an otherwise final order was rendered interlocutory because it required one party to take some action after entry of judgment. To the contrary, Pennsylvania courts regularly treat orders as final for appeal purposes, even where they mandate conduct necessarily occurring after the entry of the judgments. See, e.g., In re Petition to Compel Cooperation with Child Abuse Investigation, 875 A.2d 365 (Pa. Super. 2005) (order compelling submission to a home visit during investigation of child abuse allegations was final and appealable); Sutton v. Miller, 592 A.2d 83 (Pa. Super. 1991) (appeal from a final decree in equity compelling replacement of a fence).

9

The trial court's order left no request for relief pending. When the trial court entered a final order without ruling on the motion for class certification, Licensees' requests concerning class certification and notice became moot. Similarly, once the trial court denied Licensees' refund claims, their related claims concerning costs, attorneys' fees, and the source of funding for the requested refunds also became moot.

Thus, the trial court's May 31, 2017 order was final, in that it disposed of all claims and all parties. Consequently, the trial court lacked authority to certify the decision for immediate interlocutory appeal by permission.[6] We therefore quash the appeal at No. 938 C.D. 2017.

## B. Licensees' Arguments on Appeal
## 1. The Trial Court's Authority to Fashion Equitable Relief

Licensees assert that the trial court exceeded its authority by fashioning a remedy not requested by either party. They point out that their claim requested full refunds of all fees and assessments paid under Former §5707(b). Neither Licensees nor the Authority requested any alternative relief. However, the trial court, while denying Licensees' refund claims, ordered alternative relief in the form of an administrative review process in which Licensees and putative class members could challenge the fees and assessments before the Authority. Licensees contend any alternative remedy was beyond the trial court's authority. The arguments posited by Licensees are addressed separately below.

---

[6] Moreover, Licensees did not seek this Court's permission for an interlocutory appeal pursuant to 42 Pa. C.S. §702(b).

10

### a. Purported Mootness of the Alternative Remedy

First, Licensees argue the trial court ended the case when it denied their refund claims in the first part of its order. Licensees contend the trial court then had no further jurisdiction over the case that would allow it to formulate an alternative remedy as part of its decision. Licensees cite no authority for this assertion and do not otherwise develop it. Therefore, it is waived. Irey v. Dep't of Transp., 72 A.3d 762 (Pa. Cmwlth. 2013) (en banc).

Further, this argument facially lacks merit. By logical extension of Licensees' reasoning, the trial court could have entered the alternative relief, had it done so earlier in its decision. Under Licensees' suggestion, the trial court's jurisdiction to order relief would depend on the order in which it grouped the holdings in its decision.

We reject Licensees' argument that the trial court lacked jurisdiction to order relief in its order granting the Authority's motion for summary judgment.

### b. Absence of Class Certification

Second, Licensees contend the trial court's decision should be reversed because it denied due process to the putative class members, by purporting to bind them without first certifying the class. Licensees again fail to cite any authority or develop this argument. Therefore, they have also waived this argument. Irey.

11

Further, Licensees misstate the nature of the trial court's error. Unless and until the trial court certifies a class, only the named plaintiffs may participate in the action as parties. Pa. R.C.P. No. 1710(e); Silver Spring Twp. v. Pennsy Supply, Inc., 613 A.2d 108 (Pa. Cmwlth. 1992). The trial court lacks personal jurisdiction over putative class members prior to certification of the class. Silver Spring. Thus, any judgment issued before certification of the class binds only the named parties. Pa. R.C.P. No. 1715; see also Pentlong Corp. v. GLS Capital Inc., 72 A.3d 818 (Pa. Cmwlth. 2013) (citing Konidaris v. Portnoff Law Assocs., 953 A.2d 1231 (Pa. 2008)) (unless a party has requested or a trial court has issued a special order under Pa. R.C.P. No. 1715(a), any judgment entered prior to class certification benefits or hinders only the named parties; putative class members cannot rely on the judgment to avoid the statute challenged in the action).

For example, in Edward M. v. O'Neill, 436 A.2d 628 (Pa. Super. 1981), the plaintiffs sought expungement of juvenile criminal fingerprint and photograph records. They requested certification of a class, which the trial court denied. However, the trial court then issued a cease-and-desist order requiring the police department to stop its practice of fingerprinting and photographing juveniles. This was essentially class-wide relief, which the Superior Court held was improper in the absence of class certification. Id.

Awarding class relief without certification of a class would improperly circumvent the requisite class action procedure. Marks v. Bell Tel. Co., 331 A.2d 424 (Pa. 1975). Moreover, it would unfairly impact defendants: "If the plaintiffs succeeded on the merits and the relief were granted, the defendants would be bound

12

by the broad injunction. However, should the defendants be successful in the litigation, the verdict in their favor would have no res judicata effect upon persons not a party to the suit." Id. at 429.

Here, Licensees are incorrect in suggesting the trial court's decision deprived putative class members of due process rights. Rather, the trial court lacked personal jurisdiction over the putative class members. Therefore, its order, while binding on the named parties, was ineffective to the extent it purported to prescribe the nature of the relief available to the putative class members. Canulli v. Allstate Ins. Co., 462 A.2d 286 (Pa. Super. 1983).

We therefore reject Licensees' argument that the trial court's order violated the due process rights of putative class members.

### c. Judicial Legislation

Third, Licensees argue the trial court engaged in improper judicial legislation by substituting or rewriting an unconstitutional statute in order to create an administrative remedy. This argument lacks merit.

As explained above, one reason this Court declared Former §5707(b) unconstitutional in MCT was that there was no mechanism to challenge the Authority's fees and assessments. Licensees assert that only the legislature can provide standards for remedying that infirmity in the statute. In fact, the legislature attempted to do so after this Court's decision in MCT. See 53 Pa. C.S. §5707.1.

13

However, the legislature did not purport to adopt a retroactive procedure to remedy past constitutional infirmities resulting in denials of due process.

The judicial history of this litigation has provided extensive analysis that now constitutes the law of this case. The federal due process violation mandates a retroactive remedy to Licensees. Z&R I. The federal court abstained in favor of allowing the state judiciary to determine what kind of retroactive remedy to provide. Z&R III; see also Z&R I. Thus, under the law of the case, the trial court was authorized to fashion a remedy, subject to appellate review, at least as to Licensees (though not as to the putative class members, as explained in the previous section).

Accordingly, we reject Licensees' argument that the trial court could not fashion a judicial remedy.

### d. Relief Not Requested by the Parties

Fourth, Licensees contend the trial court erred by establishing a new administrative remedy not requested by either party. There is merit in this argument.

A court may grant equitable relief broader than that specifically requested, if the plaintiff's complaint includes a general prayer for relief. Annenberg v. Commonwealth, 757 A.2d 338 (Pa. 2000); Ridley v. Ridley Arms, Inc., 494 A.2d 870 (Pa. Cmwlth. 1985), vacated on other grounds, 531 A.2d 414 (Pa. 1986). However, such relief must be appropriate to the case as pled and proven. Ridley.

Here, Licensees' complaint included no general prayer for relief. It is also doubtful that the relief fashioned by the trial court related to anything pled or

14

proven in the case. The trial court created a remedy not raised or addressed by either party, and did so at the summary judgment stage, without any hearing or other input from the parties on the issue.

In Edward M., discussed above, the Superior Court observed that neither party requested the relief ordered by the trial court. Id. Moreover, no hearing was conducted before ordering that relief. Without a class certification, only the expungement requests were before the trial court. Thus, the court lacked authority to order different relief. Id. The Superior Court's analysis in Edward M. is persuasive.

Here, Licensees sought refunds of the fees and assessments they paid under Former §5707(b). Without a class certification, only Licensees' request for refunds of their own payments was before the trial court.

Licensees are therefore correct in arguing that the trial court lacked authority to order relief different from what either party requested, particularly where it did so without a hearing.

**e. The Trial Court's Characterization of Licensees' Claims**

Fifth, Licensees argue the trial court improperly recharacterized their §1983 claims as refund claims. Inasmuch as Licensees are seeking refunds, albeit under §1983, the point of this argument is unclear. Although not well developed, it appears to be related to Licensees' prior arguments. That is, Licensees appear to assert that the trial court was not free to ignore their rights under §1983 by denying

15

their refund request. This argument adds nothing persuasive to Licensees' previous arguments. We therefore reject it.

## 2. Constitutionality of the Ordered Relief

Licensees next assert that the administrative remedy created by the trial court was constitutionally infirm. Licensees point to Germantown Cab, in which this Court held that Amended §5707, like Former §5707(b), is an unconstitutional delegation of legislative power, in that it still fails to provide adequate standards, guidance, and limits on the Authority's exercise of delegated power. Licensees contend that the administrative process set forth in §5707.1 must also be unconstitutional. Licensees reason that without adequate legislative controls, the purported administrative remedy is illusory because the Authority is not required to generate financial information sufficient to allow a party asserting a fee challenge to prove the fee is excessive or otherwise improper. Licensees therefore contend that the administrative remedy imposed by the trial court is likewise unconstitutional, because it is illusory. They argue that there is no way for them to demonstrate that the fees and assessments at issue were excessive.

This argument has some facial appeal. However, based on this Court's decision in Germantown Cab, it lacks merit.

In Germantown Cab, the plaintiff argued the Authority failed to produce records sufficient to permit calculation of its actual costs. Like Licensees here, the plaintiff in Germantown Cab asserted that without such information, it could not effectively challenge the Authority's assessments. The Authority

16

countered that Amended §5707 only required it to produce copies of the budget documents it submitted to the General Assembly. This Court did not need to resolve this issue, in light of its conclusion that Amended §5707 was still unconstitutional. However, this Court observed that under Amended §5707, "[t]he Authority is required to maintain and make available for inspection records of the costs incurred in connection with its regulation of taxicabs … and of the manner in which it determined the assessment …." Id. at 333. This Court concluded that the required information went beyond mere budget submissions. Id.

This Court's reasoning in Germantown Cab suggests that a claimant asserting a fee challenge would have a right to compel production by the Authority of cost information needed to support the challenge. Therefore, Licensees are apparently incorrect in arguing that they cannot obtain such information.

Accordingly, we reject Licensees' argument that they would have no means to ascertain the propriety of the amounts of Authority's fees and assessments.

### 3. The Authority's Purported Lack of Fee-Setting Standards

Next, Licensees assert that the trial court ignored Former §5707(b)'s unconstitutional failure to provide standards and limits for the Authority's exercise of legislatively delegated power. This assertion is incorrect. Further, contrary to Licensees' suggestion, the trial court did not determine that no retroactive remedy was required. Indeed, the trial court ordered the Authority to provide Licensees (and putative class members) with a retroactive procedure to challenge fees and assessments going back to 2004. Therefore, we reject this argument.

17

**4. Licensees' Entitlement to Monetary Damages**

Licensees contend the trial court erred in declining to award monetary damages. Licensees argue the trial court improperly fashioned an equitable remedy in reliance on speculation by the federal district court in Z&R I as to what retroactive remedy Licensees would be entitled to recover. Licensees appear to be correct in surmising that the trial court tried to follow the federal court's guidance in fashioning a remedy. However, that in itself does not necessarily constitute error by the trial court. The federal court observed that state courts have discretion in fashioning retroactive remedies. See Z&R I.[7]

Nonetheless, Licensees insist the trial court erred in fashioning an equitable order, because no remedy other than a refund was appropriate. Licensees assert that in Z&R Cab, LLC v. Philadelphia Parking Authority, 616 F. App'x 527 (3d Cir. 2015) (Z&R II), the Third Circuit Court of Appeals found that monetary damages are the only remedy available to Licensees. This assertion is misleading. The Third Circuit did suggest that monetary damages would be the correct remedy. However, the holding of the Third Circuit's decision was that it remanded to the district court for a determination of whether to exercise or decline jurisdiction based on principles of comity. Thus, the Third Circuit's analysis of what remedy would ultimately be appropriate was not necessary to its decision and was not part of its holding. Rather, the Third Circuit discussed the issue of monetary damages only in the context of analyzing how the nature of the available remedy might affect the district court's comity analysis on remand.

---

[7] However, as discussed above, that discretion is constrained by the parties' pleadings and prayers for relief.

In context, the Third Circuit actually observed:

> Before describing the comity doctrine in some detail to illustrate why I believe applying it to this case would be a mistake, I stress that only one remedy is possible here: damages. The case before us concerns a procedural due process violation…. Although procedural due process is a flexible standard, the remedies for violations of it are straightforward: equitable relief where appropriate ([Licensees] concede their request for such relief is moot), and damages if [Licensees] can prove, consistent with ordinary tort principles, that they in fact suffered compensable injuries.… [I]f [Licensees] lost money specifically because they lacked an opportunity to challenge the rates the [Authority] set, they can recover that amount of money…. The extent of the damages is open to debate; [Licensees] demand all the fees paid to the [Authority] over a decade, but it is not clear from the record before us that they will be entitled to nearly that amount of money. The causal relationship between the due process violation and the amount [Licensees] paid has yet to be established, and I note that any recovery may be affected by Pennsylvania's two-year statute of limitations for §1983 actions.

Z&R II, 616 F. App'x at 532 (citations omitted).

Thus, although the Third Circuit did suggest monetary damages would be the proper remedy in Licensees' §1983 action, the court also posited that recovery would be limited to the amount, if any, that exceeded what would have been paid if not for the constitutional violation, and also potentially subject to a two-year statute of limitations.

Licensees focus only on the Third Circuit's observation on the propriety of monetary damages, ignoring the rest of the discussion in Z&R II concerning the limitations on that remedy. Licensees insist the trial court was required, as a matter

of law, to award them a full refund of <u>all</u> fees and assessments they paid from 2004 to 2013.

We have substantial doubt regarding Licensees' entitlement to the full refund they demand. In <u>McKesson Corporation v. Division of Alcoholic Beverages & Tobacco</u>, 496 U.S. 18 (1990), the U.S. Supreme Court set forth permissible retroactive remedies for parties burdened by unconstitutional tax statutes. The tax statute at issue in <u>McKesson</u> improperly discriminated between different groups of taxpayers in interstate commerce. One available remedy was to refund the difference between the tax paid and the tax that should have been assessed had unconstitutional distinctions not been made. <u>Id.</u> Stated differently, one possible remedy was a refund "of the excess taxes paid by petitioner …." <u>Id.</u> at 51. Also, the Supreme Court in <u>McKesson</u> observed that states may avail themselves of a variety of procedural protections against any disruptive effects of a tax scheme's invalidation, such as "enforcing relatively short statutes of limitation applicable to refund actions." <u>Id.</u> at 50. Notably, the Third Circuit's observation in <u>Z&R II</u> concerning the available remedy in this case was consistent with the U.S. Supreme Court's analysis in <u>McKesson</u>.

Similarly, in <u>Locust Lake Village Property Owners Association v. Monroe County Board of Assessment Appeals</u>, 940 A.2d 591 (Pa Cmwlth. 2008), this Court discussed the principles applicable to determining the appropriate length of time for granting retrospective tax refunds. This Court concluded that the tax assessment challenge in that case entitled the successful claimant to a refund only of excess tax payments, not the entire tax paid. Further, this Court observed that

20

retrospective relief may be limited in time, because the revenue base of taxing bodies should not be left open indefinitely to retrospective claims.  Id.; accord Nextel Commc'ns v. Commonwealth, 171 A.3d 682 (Pa. 2017) (determining the appropriate remedy for a tax overpayment required balancing the taxpayer's interest in relief against the taxing entity's interest in protecting the public pocketbook).

Licensees argue that McKesson and similar cases are inapplicable here because those cases concerned tax statutes that impermissibly discriminated between taxpayer groups, rather than due process violations.  However, Licensees offer no persuasive reason to apply the analysis in McKesson so narrowly.

Although we will not decide this issue now, by analogy to McKesson, and consistent with Z&R II, Licensees could be entitled to recover only the portion, if any, of their fees and assessments that exceeded the amount the Authority would have assessed had it been subject to constitutional standards, guidance, and limits imposed by the General Assembly.

The determination of the proper measure of damages is a matter for more complete argument by the parties and analysis by a court at a later point. Suffice it to observe now that this appears to be one of the most important points of disagreement between the parties.

### IV. Conclusion

The trial court apparently concluded that a full refund was not the appropriate remedy for Licensees, and it tried to formulate an administrative process

that would allow Licensees to seek properly limited retroactive relief. However, as discussed above, the trial court lacked authority to impose the remedy it created in this action. As to the putative class members, they were not parties to the action, and the trial court's decision could not affect them. As to Licensees, they did not request relief other than a refund, and they did not plead a general prayer for relief that would have allowed the trial court to grant relief different in kind from what Licensees sought.

Summary judgment was not appropriate in this case, because fact issues remain to be determined. The trial court's formulated remedy itself anticipated fact determinations during the administrative review process; this demonstrates that questions of fact remain concerning the amount of any refunds Licensees may receive. There are also unresolved issues of mixed fact and law concerning how far back in time Licensees can reach in seeking relief.

By simply denying all refund claims and directing an administrative review, the trial court abdicated its duty to resolve Licensees' claims under §1983 and sought to transfer that responsibility to the Authority. In so doing, the trial court committed an error of law. Further, the trial court erred by creating and imposing its own remedy without notice to or input from the parties. Cf. PPG Indus. v. Bd. of Fin., 790 A.2d 261 (Pa. 2001) (describing the extensive input from the parties considered by the court in developing an appropriate retroactive remedy).

22

Accordingly, we reverse the trial court's grant of summary judgment in the Authority's favor, and remand for further proceedings consistent with this opinion.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Z&R Cab, LLC, Zoro, Inc., : 
Ronald Blount and Debra Bell, : 
     Appellants : 
           :  No. 828 C.D. 2017
  v.         :   938 C.D. 2017
           : 
Philadelphia Parking Authority : 

## **O R D E R**

  **AND NOW**, this 13th day of April, 2018, the appeal at No. 938 C.D. 2017 is **QUASHED**. The order of the Court of Common Pleas of Philadelphia County is **REVERSED**. This case is **REMANDED** for further proceedings consistent with the foregoing opinion.

  Jurisdiction is relinquished.

        _____
        ROBERT SIMPSON, Judge