IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia               :
                                  :
          v.                   :
                                  :
Leslie Nelson,                   :     No. 1479 C.D. 2021
            Appellant       :     Submitted: April 11, 2024


BEFORE:     HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: May 9, 2024


Leslie Nelson (Nelson) appeals from the Philadelphia County Common Pleas Court's (trial court) December 6, 2021 orders denying the motion for summary judgment (Nelson's Motion) she filed relative to the City of Philadelphia's (City) *in personam* action seeking unpaid water and sewer rents, and granting the City's motion for summary judgment (City's Motion) and Nelson's counterclaim in the City's favor. Nelson presents two issues for this Court's review: (1) whether the trial court erred by denying Nelson's Motion where docketed water and sewer liens afforded the City a final *in rem* judgment[1] for the same debt; and (2) whether *res judicata* bars the City's claim. After review, this Court affirms.

---

[1] The Pennsylvania Supreme Court has observed:

> The distinction between actions *in rem* and actions *in personam* is set forth in *Pennoyer v. Neff*, 95 U.S. 714 [(1877) (overruled on other grounds by *Shaffer v. Heitner*, 433 U.S. 186 (1977))] (cited by this [C]ourt in [*Atlantic Seaboard Natural Gas Co*[.] *v. Whitten*, 173 A. 305, 307 (Pa. 1934),]) where the Supreme Court of the United States stated:

Nelson owns real property located at 2134 East Hagert Street in the City (Property). During the time Nelson has owned the Property, the City's Water Department docketed the following municipal liens for unpaid water and sewer rents[2] and served the liens at the Property:

> 'It is true that, in a strict sense, a proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein.'

The [*Pennoyer*] Court said with respect to actions *in personam*:

> 'But where the entire object of the action is to determine the personal rights and obligations of the defendants, that is, where the suit is merely *in personam*, constructive service in this form upon a non-resident is ineffectual for any purpose.'

*Commonwealth by Hilbert v. Lutz*, 60 A.2d 24, 25-26 (Pa. 1948) (italics added).

[2] Section 3(a)(1) of what is commonly referred to as the Municipal Claims and Tax Liens Act (Municipal Claims Act), Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505 provides, in relevant part:

> **All municipal claims**, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all such claims heretofore lawfully imposed or assessed within six months before the passage of this act and not yet liened, in the manner and to the extent hereinafter set forth, shall be and they **are hereby declared to be a lien on said property**, **together with all charges**, **expenses**, **and fees incurred in the collection of any delinquent account**[.]

53 P.S. § 7106(a)(1) (emphasis added). Further Section 3(b) of the Municipal Claims Act states, in relevant part:

> With the exception of those claims which have been assigned, any municipal claim, municipal lien, tax, tax claim or tax lien, including interest, penalty and costs, imposed by a city of the first or second class or by a county of the second class or by a municipality therein, shall be a judgment only against the said property when the lien has been docketed by the prothonotary. **The docketing of the lien shall**

| Lien Filing Date | Lien Dates | Docket Number | Lien Amount |
| --- | --- | --- | --- |
| 4/30/07 | 1/1/06-12/31/06 | 1803W17027053 | $8,775.67 |
| 4/1/17 | 7/16/07-12/31/16 | 1807W18017795 | $4,180.87 |
| 1/1/19 | 4/13/18-9/30/18 | 1901W18000889 | $3,747.59 |
| 10/1/19 | 10/16/18-6/30/19 | 1910W19000970 | $1,230.28 |
| 4/1/21 | 7/15/19-12/31/20 | 2104W20001122 | $1,076.81 |
| 7/1/18 | 7/17/17-3/31/18 | 1809W18001926 | $1,047.67 |
| 10/2/17 | 1/1/17-6/30/17 | 1807W8057220 | $651.67 |
| 4/1/16 | 7/1/15-12/31/15 | 1806W17039934 | $607.99 |
| 10/1/14 | 1/1/16-6/30/14 | 1806W17002888 | $593.75 |
| 10/1/15 | 1/1/15-6/30/15 | 1806W17026939 | $590.35 |
| 10/1/16 | 1/1/16-6/30/16 | 1807W18002459 | $563.52 |
| 4/1/14 | 7/1/13-12/31/13 | 1805W1710788 | $541.34 |
| 10/1/12 | 1/1/12-6/30/12 | 1805W17070117 | $539.58 |
| 4/1/13 | 7/1/12-12/31/12 | 1805W17070118 | $521.44 |
| 10/1/13 | 1/1/13-6/30/13 | 1805W17135776 | $514.87 |
| 4/9/15 | 7/1/14-12/31/14 | 1806W17013848 | $502.36 |
| 4/2/12 | 7/1/11-12/31/11 | 1805W17014048 | $438.19 |
| 12/10/07 | 1/1/07-6/30/07 | 1803W17027052 | $412.19 |
| 10/1/11 | 1/1/11-6/30/11 | 1805W17014047 | $279.89 |

*See* Reproduced Record (R.R.) at 272a-276a.

On February 5, 2019, the City filed an *in personam* complaint (Complaint) in the trial court seeking to collect $10,092.91 in unpaid water and sewer debt accrued at the Property between July 15, 2013, and January 19, 2019.[3] The docketed liens are among the debt at issue herein. Nelson failed to file an answer to the Complaint and the City obtained a default judgment. On July 31, 2019, upon Nelson's petition to open the default judgment, the trial court opened the default judgment. Nelson filed an answer to the Complaint and the matter proceeded to arbitration, after which the arbitrators awarded the City $10,092.91. Nelson appealed from the arbitration award to the trial court. On February 8, 2021, with

---

**be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien**.

53 P.S. § 7106(b) (emphasis added).

[3] The record reflects that the disputed period began with a $14,677.14 outstanding balance. *See* R.R. at 257a.

3

leave of the trial court, Nelson filed an amended answer to the Complaint, which included a counterclaim against the City under Pennsylvania's Fair Credit Extension Uniformity Act.[4] On June 10, 2021, the City filed an answer to Nelson's counterclaim.

On November 1, 2021, the parties filed their respective Motions for summary judgment. The City sought judgment in its favor on both its collection claim and Nelson's counterclaim. Nelson sought judgment in her favor on the City's collection claim. Each party opposed the other party's Motion. On December 6, 2021, the trial court denied Nelson's Motion with prejudice and granted the City's Motion and Nelson's counterclaim in the City's favor. Nelson appealed to this Court.[5]

Nelson argues that the trial court erred by granting the City's Motion and denying her Motion.[6] According to Nelson, consistent with the Pennsylvania Supreme Court's decision in *Philadelphia Gas Works v. Pennsylvania Public Utility Commission*, 249 A.3d 963 (Pa. 2021) (*PGW*),[7] the City's docketed municipal liens against the subject Property "are 'the equivalent of a final resolution of a claim

_____

[4] Act of March 28, 2000, P.L. 23, 73 P.S. §§ 2270.1-2270.6.

[5]       This Court's review of a trial court order granting summary judgment is limited to determining whether the trial court erred as a matter of law or abused its discretion. This Court examines the record in the light most favorable to the non-moving party, accepting as true all well-pled facts and reasonable inferences to be drawn from those facts.

*Z&R Cab, LLC v. Phila. Parking Auth.*, 187 A.3d 1025, 1031 n.5 (Pa. Cmwlth. 2018) (citation omitted).

[6] Nelson acknowledges that she is not challenging on appeal the trial court's order granting the City's Motion with respect to her counterclaim.

[7] This Court recognizes that although the Pennsylvania Supreme Court issued *PGW* after the trial court decided the instant matter, Nelson's appeal to this Court was pending when our Supreme Court decided *PGW*. *See Christy v. Cranberry Volunteer Ambulance Corps, Inc.*, 856 A.2d 43 (Pa. 2004) (an appellate court will apply decisions involving changes of law in civil cases retroactively to cases pending on appeal).

between the parties' and [are] 'to be treated in the same manner as a judgment that has been rendered following an adjudicative process' and therefore [the City's] *in personam* claim against [Nelson] [is] barred by *res judicata*." Nelson Br. at 7-8 (quoting *PGW*, 249 A.3d at 973, 974). The City responds that the express language of what is commonly referred to as the Municipal Claims and Tax Liens Act (Municipal Claims Act) permits the City to pursue both *in rem* and *in personam* relief, and *PGW* supports that interpretation.

## *PGW*

In *PGW*, several residential building owners and managers filed complaints against the municipally-owned natural gas utility, Philadelphia Gas Works (Gas Works). The complaints challenged Gas Works' practice of charging an 18% per year late fee (Tariff Rate) on overdue gas bills instead of the standard statutory post-judgment 6% interest rate on docketed municipal liens representing the overdue amounts.

The *PGW* Court held that, because, pursuant to Section 3(b) of the Municipal Claims Act, 53 P.S. § 7106(b), when the City dockets a lien with the prothonotary, the lien constitutes a "judgment" on the property, Gas Works could only charge the statutory 6% post-judgment interest rate, not the 18% Tariff Rate.

The *PGW* Court reasoned:

> While this interpretation may force a municipality to choose between forgoing the collection of the [T]ariff [R]ate on a delinquent account in favor of obtaining a judgment upon which it can execute, this is a choice Section [3 of the Municipal Claims Act] requires. Indeed, this is not the exclusive means for collection of a municipal lien; a municipality **may also elect** to pursue a judgment against the customer, as utility bills are personal debts upon the customer who receives the service. *See* [Section 1 of the Act of April 17, 1929, P.L. 527, *as*

5

*amended*,] 53 P.S. § 7251 [(Section 1)] (providing that **in addition to** liens municipalities may seek to collect on municipal claims by instituting an action in assumpsit against the owner of the property at the time charges first became payable). In that scenario, the municipality has the option of allowing the tariff to accrue until the dispute is reduced to judgment.

*PGW*, 249 A.3d at 974-75 (emphasis added).

Justice Saylor dissented, noting that Section 1 "authoriz[es] [utilities] to pursue the various avenues -- including perfection of liens and commencement of actions to establish personal liability -- simultaneously or serially." *PGW*, 249 A.3d at 975 (Saylor, J., dissenting). And he raised a concern that "the majority appears to conceptualize the perfection of liens against real property and the pursuit of *in personam* judgments as mutually[ ]exclusive, alternative options." *Id*.

The *PGW* Majority responded to Justice Saylor, stating:

Justice Saylor contends that our analysis "appears to conceptualize the perfection of liens against real property and the pursuit of *in personam* judgments as mutually-exclusive, alternative options." Dissenting Op. at 2. **We do not so hold. To the contrary**, [**Section 1**] **unquestionably permits a municipality to obtain an *in personam* judgment against the owner of the property through the filing <u>and</u> prosecution of an action in assumpsit, and this remedy is available <u>in addition</u> to other remedies** (including an *in rem* judgment pursuant to Section [3](b) [of the Municipal Claims Act]). We refer to the *in personam* route as an "alternative" only because the result of both courses of action is largely the same, namely the acquisition of a judgment for the delinquent amounts due along with the tariff rates that accrued up until the time of entry of the judgment, after which time the statutory judgment rate applies.

*PGW*, 249 A.3d at 973 n.8 (bold and underline emphasis added).

Accordingly, the *PGW* Court made it exceedingly clear that although a docketed municipal lien constitutes a judgment against a property, the Municipal

Claims Act permits the municipality to also obtain an *in personam* judgment against the property owner for the same debt. Therefore, Nelson's assertion that *PGW* prohibits the City's *in personam* action is without merit.

### *Res Judicata*

Nelson also contends that since *PGW* holds that the docketed lien from the City's *in rem* action is considered a judgment against the Property, *res judicata* bars the City's *in personam* action against her. The City retorts that *res judicata* only applies where there has been a judgment on the merits, and an *in rem* judgment is not a judgment on the merits since it arises without court intervention. The City also claims that one of the four required *res judicata* factors is lacking in this case.

The Pennsylvania Supreme Court has declared:

> *Res judicata* - literally, a thing adjudicated - is a judicially-created doctrine. *See Est*[.] *of Bell*, . . . 343 A.2d 679, 681 ([Pa.] 1975). It bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action. *See R/S Fin*[.] *Corp. v. Kovalchick*, . . . 716 A.2d 1228, 1230 ([Pa.] 1998); *Balent v. City of Wilkes-Barre*, . . . 669 A.2d 309, 313 ([Pa.] 1995). This Court has explained that
>
> > [*r*]*es judicata*, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.
>
> *Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, . . . 902 A.2d 366, 376 ([Pa.] 2006) (citation omitted[;

italics added]); *see also R/S Fin*[.], . . . 716 A.2d at 1230 ("The purposes of the rule are the protection of the litigant from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation." (quoting *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, . . . 676 A.2d 652, 661 ([Pa.] 1996))).

*In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (Pa. 2021).

This Court has expounded:

*Res judicata*, or claim preclusion, applies only when there exists a "coalescence of four factors: (1) identity of the thing sued upon or for; (2) **identity of the causes of action**; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." [*J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002)]. When *res judicata* applies, "[a]ny final, valid **judgment on the merits** by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent* . . . , . . . 669 A.2d [at] 313 . . . .

*Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018) (italics and emphasis added).

Under both federal and Pennsylvania law, a central hallmark of the preclusion doctrine is that a prior judgment may **bar relitigation only of a claim that has been decided "on the merits**." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 . . . (1979) ("[u]nder the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit . . ."); *Mariner Chestnut Partners, L.P. v. Lenfest*, . . . 152 A.3d 265, 286 (Pa. Super. 2016) ("[u]nder the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action . . .") (quotation marks omitted). For *res judicata* purposes, a judgment on the merits "is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." *Semtek* [*Int'l Inc. v. Lockheed Martin Corp.*], 531 U.S. [497,] 501-02 [(2001)] (interpolation in original; quoted citation omitted). This has been the law of Pennsylvania for more than a century. *See Weigley v.*

8

*Coffman*, . . . 22 A. 919, 921 . . . ([Pa.] 1891). Accordingly, we have emphasized that *res judicata* "cannot be applied" to any judgment that does not render a final **substantive** decision on a claim.

*Weinar v. Lex*, 176 A.3d 907, 915-16 (Pa. Super. 2017) (italics and emphasis added; footnote omitted). "A municipal lien arises by operation of law whenever a municipal claim is lawfully assessed or imposed upon the property." *Twp. of Summit v. Prop. Located at Vacant Land in Summit Twp.*, 92 A.3d 121, 127 (Pa. Cmwlth. 2014) (quoting *N. Coventry Twp. v. Tripodi*, 64 A.3d 1128, 1132 (Pa. Cmwlth. 2013)); *see also City of Phila. v. Manu*, 76 A.3d 601 (Pa. Cmwlth. 2013). Here, the City's judgments arose by operation of law when the City docketed the liens. They were not judgments on the merits because their docketing did not "actually pass[] directly on the substance of [the] claim." *Weinar*, 176 A.3d at 916 (quoting *Semtek*, 531 U.S. at 501).

Additionally, with respect to the *res judicata* factors - specifically, the second factor, requiring identity of causes of action - this Court has considered, *inter alia*, whether causes of action were identical as between a municipal lien and an *in personam* action. In *Reading Area Water Authority v. Stouffer* (Pa. Cmwlth. No. 1307 C.D. 2013, filed Sept. 10, 2014),[8] the Reading Area Water Authority (Authority) sought stand by fees (i.e., fees arising from water connection to the property) from the property owner. The Authority filed breach of contract and unjust enrichment claims against the property owner. Thereafter, the Authority filed a municipal lien claim for unpaid water services. Following arbitration on the breach of contract and unjust enrichment claims, an arbitration panel held that the property owner owed nothing to the Authority and the Authority did not appeal the decision. Two days later, the Authority obtained a writ of *scire facias* seeking judgment on

---

[8] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). The unreported cases cited herein are cited for their persuasive authority.

the municipal lien claim and notifying the property owner to file an affidavit of defense. The Authority withdrew its claim without prejudice for the arbitrated unpaid water charges and sought to recover only charges incurred thereafter. The property owner filed his affidavit of defense, contending, *inter alia*, that the Authority had already fully litigated its claim before the arbitrators, the property owner had prevailed, and the Authority did not appeal from the arbitrators' decision which had become final. The Authority responded that *res judicata* did not bar its action because its lien was for amounts different from those at issue before the arbitrators.

> In considering the *res judicata* issue, this Court observed:
>
> "Generally, a cause of action will be considered identical when the subject matter and the ultimate issues are the same in both proceedings." *Tobias* [*v. Halifax Twp.*], 28 A.3d [223,] 226 [(Pa. Cmwlth. 2011)]. The identity of the thing sued for are "the subject matters; or the things in dispute; or the matters presented for consideration." *McCandless T*[*wp.*] *v. McCarthy*, 300 A.2d 815, 820 (Pa. Cmwlth. 1973). "[W]here a subsequent action is brought to recover damages from injuries during a different period of time, the 'thing sued for' generally is not the same, and claim preclusion does not apply." *Carroll T*[*wp.*] *Auth*[. *v. Mun. Auth. of Monongahela*], 603 A.2d [243,] 249 [(Pa. Cmwlth. 1992)]. Moreover, **an *in personam* action**, **such as a contract action**, **may be distinguished from an *in rem* action**, **such as an action seeking a lien against a property**. *Matternas v. Stehman*, 642 A.2d 1120 (Pa. Super. 1994). In *Matternas*, the Superior Court held that **a prior mechanics' lien action did not claim preclude a subsequent contract action**. *Id*. at 1123-24. **The Superior Court reasoned that the lien's *in rem* nature and the contract action's *in personam* nature made the causes of action and the things sued for different**. *Id*. at 1123.
>
> Here, [the] Authority filed a lien in the amount of the stand by fees for a period of time not covered by the [p]rior [arbitration a]ction . . . . During this time period, [the]

10

Authority continued to charge [the property owner] stand by fees and [the property owner] continued not to pay them. Thus, each time [the property owner] did not pay those fees, [the] Authority sustained an additional injury and damages accrued. **Moreover, [the] Authority's [municipal] [l]ien [c]laim was an *in rem* action against [the] property and the [p]rior [arbitration a]ction was an *in personam* contract action. Because of the *in rem* and in *personam* natures of the [l]ien [c]laim and the [p]rior [arbitration a]ction, respectively, we conclude that the causes of action in this matter are different.** Accordingly, *res judicata* in the form of claim preclusion does not bar the [l]ien [c]laim.[9]

---

[9] The *Reading* Court also noted that:

This does not end our inquiry, however, because [the property owner] also argues collateral estoppel bars the trial court's award on the [l]ien [c]laim because the [p]rior [arbitration a]ction resolved the issue of [the property owner's] liability for stand by fees. [The property owner] contends that the [p]rior [a]ction before the panel of arbitrators resulted in a final judgment on the merits in [the property owner's] favor, [the] Authority was a party to the prior action, [the] Authority had a full and fair opportunity to litigate the issue of stand[]by fees in the [p]rior [arbitration a]ction, and [the] Authority did not appeal the [a]rbitration [d]ecision.

The doctrine of collateral estoppel has been subsumed by *res judicata*, but it can be asserted independently thereof and does not require the identity of the causes of action. Under collateral estoppel, "a final judgment forecloses relitigation in a later action involving at least one of the original parties, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985).

Where the second action between the same parties is [based] upon a different claim or demand, the judgment in the prior action operates as an estoppel in the second action only as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judgment . . . ; and (4) were 'material' to the adjudication.

11

*Reading*, slip op. at 11-12 (italics and emphasis added).

In the case at bar, the City's "[l]ien [c]laim was an *in rem* action against [the] [P]roperty and the [instant action is] an *in personam* contract action. Because of the *in rem* and *in personam* natures of the [l]ien [c]laim and the [instant a]ction, respectively, [this Court] conclude[s] that the causes of action in this matter are different." *Id*. at 12; *see also Levy v. Solomon*, 56 A. 1007, 1008 (Pa. 1904) (where prior action was *in personam* and the present one is *in rem*, "[e]ven between the same parties, where the same facts give rise to two distinct causes of action, action and judgment for one of these causes will be no bar to an action on the other"); *Gywnedd Club Condo. Ass'n v. Dahlquist* (Pa. Cmwlth. Nos. 1628, 1816 C.D. 2017, filed Apr. 15, 2019), slip op. at 13 (concluding that *lis pendens* criteria were not met because although the two actions involved the same parties, "the relief requested in each action was not the same[,] [as] the relief sought in the [*i*]n [*p*]ersonam [a]ction was a monetary judgment against [the defendant], whereas the relief sought in the [*i*]n [*r*]em [a]ction was enforcement of the [homeowners' a]ssociation's lien on her property.") (italics added).[10]   Accordingly, *res judicata* does not bar the instant

---

*McCandless Twp.*, 300 A.2d at 820-21. As previously stated, whether collateral estoppel applies is a question of law subject to plenary review.

*Reading*, slip op. at 12-13 (italics added; citations omitted).

The *Reading* Court concluded that the trial court properly held that collateral estoppel did not prevent the Authority from pursuing the stand by fees incurred after the arbitration decision since the Authority withdrew its claim for the period that was litigated before the arbitrators, and the property owner's liability for the period following the arbitration award had not been actually litigated. Similarly, in the instant action, collateral estoppel does not bar the City's *in personam* action claims because, although docketed, the *in rem* judgment was not "actually litigated." *McCandless Twp.*, 300 A.2d at 820.

[10] While Section 1 allows the City to pursue both a municipal lien on the property and an *in personam* judgment in this matter, it cannot be construed as allowing the City a double recovery of the amounts Nelson owes. To the extent the City ultimately receives payment through one avenue of relief, it cannot also collect through the other available remedy.

12

action and the trial court did not err by denying Nelson's Motion and granting the City's Motion and Nelson's counterclaim in the City's favor.

For all of the above reasons, the trial court's orders are affirmed.

_____

ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                 :
          v.                     :
                                 :
Leslie Nelson,                   :      No. 1479 C.D. 2021
          Appellant              :

O R D E R

AND NOW, this 9th day of May, 2024, the Philadelphia County Common Pleas Court's December 6, 2021 orders are affirmed.

_____
ANNE E. COVEY, Judge